JOSÉ ARGOTE VILLABOLOS, MARIE ROSE, AND FRANÇOIS FELIX, MARQUIS DE FOUGERES, APPELLANTS, v. THE UNITED STATES.

By the act of May 23d, 1828 (4 Statutes at Large, 284), relating to private land claims in Florida, appeals from the Superior Court of the Territory of Florida are governed by the laws of 1789 and 1803.

Therefore, where an appeal was not made in open court, and at the term at which the final decree was passed, a citation was necessary, which must be signed by a judge, and not by the clerk. See United States v. Hodge, 3 How. 534.

The act of 1828, above mentioned, allowed appeals to be prosecuted within four months, and placed them, in other respects, upon the same footing with writs of error under the act of 1803. Writs of error and citations are returnable to the term of the appellate court next following; and unless the writ and citation are both served before the term, the case is not removed to the appellate court.

Consequently, where there was only an entry of an appeal in the clerk's office, and no citation served within four months, the appeal was not regularly brought up, and must be dismissed on motion.

THIS was an appeal from the Superior Court of East Florida.

The case being dismissed for want of jurisdiction, it is unnecessary to do more than refer to the circumstances, which are fully stated in the opinion of the court.

*Mr. Mason,* then Attorney-General, had moved at a preceding term to dismiss this case, upon the ground of its being irregularly brought up.

It was now argued by *Mr. Clifford,* Attorney-General, for the motion, and *Mr. Yulee,* against it.

*Mr. Clifford,* for the motion.

The points relied on by the United States for dismissal of the appeal in this case are, —

1st. That there is no citation issued according to law; the citation in the record being signed by *the clerk* of the Superior Court of East Florida instead of *the judge,* in pursuance of the twenty-second section of the Judiciary Act.

2d. That there is no allowance of the appeal.

1st. The counsel of the appellants contends, that the citation is signed according to the practice of the Territorial courts of Florida, which must govern this question. It is, however, submitted, that the practice of these courts does not afford the rule to govern appeals in land cases under the special jurisdiction, with respect to them, conferred on the judge of the Superior Court of East Florida.

A slight examination of the acts of Congress on the subject will satisfactorily demonstrate this proposition.

By the sixth section of the act of the 23d May, 1828 (4 Statutes at Large, 284), it is provided, that certain claims to land within the Territory of Florida shall be received and adjudicated by *the judge of the Superior Court* of the district within which the land lies, upon the petition of the claimant, *according to the forms, rules, regulations, conditions, restrictions, and limitations prescribed to the district judge and claimants in the State of Missouri*, by act of Congress, approved 26th May, 1824, entitled " An act enabling the claimants to lands within the limits of the State of Missouri, and Territory of Arkansas, to institute proceedings to try the validity of their claims."

And by the seventh section it is enacted, that it shall be lawful for the claimants to land as aforesaid to take an appeal, *as directed in the act aforesaid*, from the decision of the judge of the district to the Supreme Court of the United States, within four months after the decision shall be pronounced.

And by the twelfth section it is enacted, that the petitions were to be filed within one year from the passage of the act ; and if, on account of the neglect or delay of the claimant, they should not be prosecuted to a final decision within two years, they were for ever barred both at law and in equity.

A subsequent act was passed on the 26th May, 1830 (4 Statutes at Large, 406), which, by its fourth section, in effect revived the act of 1828.

It was, however, under the act of 1828 that the petition in this case was filed; and it is clear, beyond all controversy, that the forms of proceeding were to be the same as those prescribed to the district judge and claimants in the State of Missouri, by the act of 1824, hereinafter mentioned.

The act of 1824 (4 Statutes at Large, 52), the rules of proceeding under which were made the rules of proceeding in the Florida cases, by its first section enacts, that it should be lawful for any person claiming lands in the State of Missouri, by virtue of any French or Spanish grant, concession, warrant, or order of survey, " to present a petition to the *District Court* of Missouri," setting forth their claims. The second section provides, that the proceedings are to be conducted according to the rules of a court of equity, and that " in all cases the party against whom the judgment or decree of the said District Court may be finally given shall be entitled to an appeal within one year from the time of its rendition to the Supreme Court of the United States, the decision of which court shall be final and conclusive between the parties ; and should no appeal be

At the time this act passed, the State of Missouri was not embraced within any circuit; but the federal jurisdiction was exercised by the district judge, under the act of the 16th March, 1822 (3 Statutes at Large, 653), entitled "An act to provide for the due execution of the laws of the United States within the State of Missouri, and for the establishment of a District Court therein." By the second section, the State of Missouri was created a district, with one judge, to be called the district judge, who should "in all things have and exercise the same jurisdiction and powers which were by law given to the judge of the Kentucky district" under the Judiciary Act and the act of the 2d March, 1793, being the act in addition to the Judiciary Act.

The tenth section of the Judiciary Act (1 Statutes at Large, 77) prescribes the mode in which appeals were to be taken from the District Court of Kentucky to the Supreme Court, as follows :— "And writs of error and appeals shall lie from decisions therein to the Supreme Court, in the same causes as from a Circuit Court to the Supreme Court, *and under the same regulations.*"

It is clear, therefore, that citations, in the case of appeals from the District Court of Kentucky, were subject to the rules prescribed by the twenty-second section of the Judiciary Act ; that the rules applicable to Kentucky were adopted for Missouri ; and that the judge of the Superior Court of Florida was to adjudge these land cases according to the forms, rules, regulations, conditions, restrictions, and limitations prescribed to the district judge and claimants in Missouri. The legislation of Congress on the subject is plain and distinct, as it seems to me, and the local practice of Florida has nothing to do with the question, and furnishes no guide whatever to regulate the proceedings.

It therefore appears to me that the case of the United States *v.* Hodge, 3 Howard, 534, is directly in point.

2d. No appeal was taken in open court at the term when the decree was made rejecting the claim, or at any other time. The claim was rejected 10th September, 1838. On the 25th November following, the solicitor of the appellants filed in the clerk's office a notice of appeal, but no allowance thereof was ever made.

It is insisted that a notice thus filed in the clerk's office, unaccompanied by any other act of the party, and without the knowledge either of the opposing party or of the court, and without any approval by the judge before whom the cause was tried, cannot be regarded as an appeal effectually taken. It

carry up the case for revision. It is not denied that the right of appeal, when claimed in open court during the term when the cause was tried, is an absolute right, and one which the court has no power to deny ; but when subsequently claimed in vacation, it must be approved or allowed by the court, otherwise it might be resorted to for purposes merely wanton, or for delay, and would operate as a surprise upon the opposite party. Yeaton *v.* Lenox, 7 Peters, 220.

The appeal, under the circumstances of this case, was not prosecuted in due time, but must be considered as having been abandoned before the citation was issued.

It is reasonable to conclude, after a delay of more than five years, that the party had waived any right which he acquired by filing the notice of appeal in the office of the clerk of the court. Whatever may be the effect of a notice thus filed, it cannot remain available indefinitely. The appeal must be claimed and allowed within the time prescribed by law. The mere filing of the notice within the time allowed to take the appeal is insufficient to secure the right, unless the appeal be perfected within a reasonable time. The delay of more than five years raises the presumption that the right to appeal had been abandoned, or waived, before the citation was issued, or that the notice was not filed in good faith.

If the party may assert the right in this case, after more than five years have elapsed since the notice was filed, when would the right to prosecute the appeal cease ? The practice, if sustained, would introduce great looseness into legal proceedings, and create confusion and uncertainty in the rights of property over which such a notice of appeal was permitted to hang. It is often the main purpose of an appeal to secure a new trial, which it is always desirable to have during the lifetime of the witnesses who testified in the court below. If this practice be sustained, a party might purposely defer his appeal, and wait the events which would deprive his adversary of the testimony upon which he had relied in the former trial.

There must be some limit to the period within which the appeal may be prosecuted. It will be found, upon examination, that, in the Florida cases heretofore brought up for revision, the appeal in every instance was in fact prayed for in open court, and in presence of the opposing party. In such cases no citation is necessary, and it was wholly immaterial whether the citation was signed according to law, or issued by the clerk. Moreover, in those cases, the opposing counsel having entered their appearance, the defect was cured. It is clear, to my mind, that no aid can be drawn from those precedents to sustain the present proceedings. It appears to be well set-

tled, that no citation is necessary when the appeal is prayed for and allowed in open court. The San Pedro, 2 Wheat. 142 ; Reily v. Lamar, 2 Cranch, 349 ; United States v. Hooe, 3 Cranch, 79.

It was not my intention to waive any of the rights of the United States in this case, and I have so apprised the counsel, since the printed argument of the appellants was filed. What I intended to say in the argument, I have now to repeat, and it is, that when the appeal is regularly allowed by the presiding judge within the period prescribed by law, a legal citation may issue and be served after that time, provided it be at least thirty days before the return-day of the writ of error.

I have also to refer to Parish v. Ellis, 16 Peters, 451.

*Mr. Yulee*, against the motion to dismiss.

The objections in this case are very technical.

1. That the citation does not conform to the 22d section of the Judiciary Act of 1789, upon the force of which the case of United States v. Hodge, 3 Howard, 534, was decided.

The act cited has no application to the present case, because it possessed no obligation upon the court from which the record comes.

The appeal comes neither from a District nor from a Circuit Court of the United States, to which, alone, the 22d section applies.

The Superior Court of Florida was a legislative, not a constitutional, court. It composed no part of the federal judicature, but was simply a Territorial court, for territorial purposes. Its powers were defined by special enactment of Congress, and within the scope of those powers the Territorial legislature regulated its practice.

No appeal was authorized from the Superior Court of Florida to the Supreme Court of the United States. From the Court of Appeals of the Territory only could appeals be made to the Supreme Court. See the organization of the judicial system of Florida, Act of 26th May, 1824, 4 Statutes at Large, 45.

No general laws of the United States had force within the Territorial limits, unless expressly extended to that Territory by Congress.

The laws of the United States in force in Florida will be found specified in 3 Statutes at Large, 657.

The 22d section of the act cited was neve rconsidered as of force in Florida, because not applicable to our judicial system, especially so far as the Superior Court was concerned.

The process acts of the United States were, by some, thought to extend there ; but this was not a settled opinion.

The citation, however, in this case, conforms to the process act.

The process of the Superior Courts of Florida was regulated by the legislature of that Territory. See Act of 1832, Duval's Compilation of the Laws of Florida, 91.

The citation in this case conforms to that prescription, and was the same which was used in appeals from the Superior Court to the Court of Appeals (the highest tribunal) in Florida.

The act of 1828, conferring upon the Superior Courts special jurisdiction of land claims, and authorizing appeals, directs no form or style of process. The court very naturally and correctly adopted the form prescribed by the legislature of Florida, and by the process act of the United States, and which was used in cases of appeals to the highest Territorial tribunal.

The propriety of this course stands conceded by the United States, from which party an objection comes now, at this late stage, with very ill grace.

It happens that the first appeal taken in these Florida land causes was by the United States, and was brought up upon a citation issued at the instance of the United States, in the precise form used in this case. And that the same form has been invariably used in all the Florida land causes, from the commencement to the present time. A large majority of these appeals were at the instance of the United States. See the Records.

The court would now be required to reject that which had been sanctioned by its own practice, and by the assent and direct adoption of the United States, throughout the course of these cases, commencing, I believe, in 1832. This certainly would be pressing a merely formal objection very far.

But, if I am not mistaken, the first motion filed in this cause did not object to the form of the citation. Not having access to the motion I cannot be certain ; but, if I am correct in my impression, the objection to the citation, as well as the objection presented in the second point, may be regarded as having been waived. See McDonogh *v.* Millaudon, 3 Howard, 693.

Although unnecessary to this case, it may be questioned whether the process act did not virtually repeal the form and style prescribed in the 22d section of the act of 1789 for citations ; that is to say, if a citation may be regarded as being a "writ" or "process" within the meaning of the act of 1792, as I think it may be.

2. The next objection is, that the appeal was never granted by the court.

Whether it was or not I am not prepared to say ; and if the court consider the allowance of the appeal material, I will ask

Villabolos et al. v. United States.

a certiorari, presuming that all was done in the court below which was necessary to justify citation, though omitted from the transcript of the record forwarded here.

But an allowance of the appeal by the court was totally unnecessary.

The appeal was a right of the party. The court had no power to refuse, and being without any judicial discretion in the matter, there was neither occasion nor propriety in any application to it to grant.

The statute confers upon the party the peremptory right of appeal.

See act of 1828, sec. 7, Statutes at Large, vol. 4, page 285; and act of 1824, sec. 3, same volume of laws, page 53.

If a party chose to appeal, and the court refused to send up the record, the Supreme Court would undoubtedly have allowed a mandamus to coerce it.

All that is requisite in the case of an appeal is that enough be done to remove the record. Enough was done for this purpose when the party signified his adoption of the right of appeal allowed by the statute. The statute had made the allowance; an allowance by the court was supererogation.

That such was the impression upon all sides heretofore will be seen by reference to the record in the very last Florida case acted upon in this court, to wit, the case of Darley's Heirs, decided at the last term. It will be seen in that case, that, although the appeal was taken in term time and in open court by the United States district attorney, no application was made to the court for an allowance of the appeal, and no allowance was granted.

In this case, the appeal was taken in vacation, and the mode pursued was the only one practicable.

In fact, the requirement of an allowance by the court would defeat the purpose of the law. The party was allowed four months to decide his mind as to an appeal. The judge was almost continually in motion over a very extensive circuit, and in attendance upon the Court of Appeals at Tallahassee. A term for trial of land causes occurred only once in the year, and the effect of a requirement such as proposed would have been to send a party in chase of the judge all over the Territory, and to abridge very materially the time intended to be allowed for considering his interest and deciding upon appeal.

3. That the appeal was not prosecuted in due time.

This objection, I understand from the Attorney-General, has been abandoned by him. It requires, therefore, no reply.

But to prevent any impression that the parties interested were indifferent as to their appeal, I will state, as the reason of

the delay in bringing the case up, that the proprietors of the grant reside in a foreign country (France); that about the date of the appeal, the counsel and agent of the claimants, stricken by the hand of God, had become imbecile in mind and incapable of business; and that it was not until long afterwards the parties in France became sufficiently apprised of his condition to make other provision for their interests.

In reply to the Attorney-General, I have further to say, —

1. It is conceded that the judge of the Superior Court was required, as stated by the Attorney-General, to receive and adjudicate claims to land according to the rules, &c., prescribed to the district judge of Missouri; but it does not by any means result from this, that in citing an appellee the clerk was to use any other form of process than one appropriate to the court.

2. No such delay or injury, as suggested by the Attorney-General, could result to the appellee from the mode of taking an appeal adopted in this case. The party interested can always, at the end of four months (the time allowed for appeal), ascertain if an appeal has been made; and if it has, the 30th rule of the Supreme Court will insure an early docketing and disposal. In this case, the laches of the United States is without excuse; while the delay on the part of the appellant was the result of misfortune.

The case in 16 Peters was from the Court of Appeals, and has no application.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an appeal from the Superior Court of East Florida.

It appears that on the 18th of April, 1829, a petition was filed by the appellants in the Superior Court, claiming title to certain lands under a Spanish grant. The district attorney answered, denying the validity of the claim, and testimony was taken on both sides, and the case proceeded to final hearing. And on the 10th of September, 1838, the court decreed that the claim was not valid, and that it be rejected.

No appeal was taken at the time, but afterwards, on the 25th of November, in the same year, an appeal was filed in the clerk's office by the solicitor for the appellants. No citation, however, issued, nor was any further step taken in this appeal until August 9, 1844, when a citation issued, signed by the clerk of the Superior Court, which, on the 13th of the same month was served on the district attorney. And under this appeal and citation the record was filed by the appellants in this court, on the 12th day of December, 1844.

A motion has been made on the part of the United States to dismiss this case, — 1st, upon the ground that the citation is not

signed by the judge.; and 2d, that the appeal was not taken within the time limited by law.

The proceedings in the Superior Court of Florida were had under the act of Congress of May 23, 1828. It has been urged in the argument for the appellant, that appeals to this court in such cases are not governed by the acts of 1789 and 1803, and may be brought up by a citation signed by the clerk. And it was suggested that such has been the usual mode of prosecuting appeals from the Superior Court of Florida, and sanctioned by the practice of this court.

With a view of ascertaining the practice upon this subject, we have caused the records in former cases to be examined; but no case has been discovered in which the appeal was taken in the clerk's office, and the citation signed by the clerk. So far as the examination extended, all of the cases were brought here by appeals taken in open court. And if there are any cases like the present in which this court has treated the appeal as valid, they must have passed *sub silentio* and without having attracted, in this respect, the attention of the court. It is true, that, in all of the former cases from the Superior Court of Florida, the citation appears to have been signed by the clerk. But as they were taken in open court, no citation was necessary under the acts of 1789 and 1803. It was so held in the case of Yeaton *v.* Lenox, 7 Peters, 220. And these appeals were therefore regularly before the court, according to the last-mentioned acts of Congress, — the citations signed by the clerk being altogether unnecessary and unimportant. The question is, therefore, now for the first time presented, whether such a citation is sufficient where the appeal is entered in the clerk's office, and not taken in open court.

The laws of Congress upon this subject are, unfortunately, a good deal complicated. But the view taken in the argument of the Attorney-General is undoubtedly the correct one. The sixth section of the act of 1828 provides that the proceedings in the Superior Court of Florida shall be according to the forms, rules, regulations, conditions, restrictions, and limitations prescribed to the district judge and claimants in the State of Missouri by the act of May 26, 1824; and the seventh section provides that the claimant may take an appeal as directed in the act aforesaid to the Supreme Court within four months after the decision shall be pronounced. The District Court of Missouri, to which the above-mentioned act of 1824 refers, was established by the act of March 16, 1822, and the second section of this act provides that it should in all things have and exercise the same jurisdiction and powers which were by law given to the judge of the Kentucky District under the.

8 *

act of March 2, 1793. And the tenth section of the last-mentioned act directs that writs of error and appeals shall lie from the decisions of the District Court of Kentucky to the Supreme Court in the same causes as from a Circuit Court, and under the same regulations. Thus, in order to determine how appeals must be prosecuted from the Superior Court of Florida, under the act of 1828, we are in the first place referred to the law in relation to the District Court in the State of Missouri, and that law refers us again to the act in relation to the District Court of Kentucky, and that law in express terms refers us to the laws regulating appeals from a Circuit Court of the United States, — that is to say, to the acts of 1789 and 1803. Appeals from the Superior Court of the Territory of Florida, therefore, are governed by these acts; and consequently the case of The United States *v.* Hodge, 3 Howard, 534, is decisive against the present appeal. When the appeal is not made in open court, and at the term at which the final decree is passed, a citation is necessary; The San Pedro, 2 Wheat. 142; and where necessary, the law requires it to be signed by the judge; and we have no power to receive an appeal in any other mode than that provided by law.

But if the citation had been properly signed, it is too late. By the act of 1828, the claimant must appeal within four months; and the act of 1803 subjects appeals to the rules and regulations prescribed by law in cases of writs of error. Now the writ of error is always returnable to the term of the appellate court next following the date of the writ; and the citation required by the act of 1789 (which is a summons to the opposite party to appear) must be returnable to the same term, and unless the writ and citation are both served before the term, the case is not removed to the appellate court, and the writ, if returned afterwards, will be quashed. Lloyd *v.* Alexander, 1 Cranch, 365; Bailiff *v.* Tipping, 2 Cranch, 406; Wood *v.* Lide, 4 Cranch, 180; Pickett's heirs *v.* Legerwood, 7 Peters, 144; and Yeaton *v.* Lenox and others, 8 Peters, 123. It follows that, where a citation is required in a case of appeal, it must, as in the writ of error, be issued and served on the opposite party before the term of the appellate court next after the appeal is entered. Yeaton *v.* Lenox, 7 Peters, 220. The entry of the appeal in the clerk's office is analogous to the issuing a writ of error; it is returnable to the next term of the appellate court; and a citation to the opposite party to appear is necessary. Here the entry of appeal was made in the clerk's office within four months from the date of the decree, and therefore within the time limited by law. The citation might, upon such an entry, have been issued after the expiration of the four months.

Villabolos et al. v. United States.

But it must be issued and served before the term of this court next succeeding the entry of the appeal. And unless this is done, the case is not brought before this court. There was no such citation in the present case, and the entry in the clerk's office, standing by itself, was not a removal of the case by appeal, according to the act of Congress. There was, therefore, no appeal within the time limited by law.

The construction of the act of 1828 contended for by the appellant would defeat its evident policy and intention. It was the object of the law to obtain a speedy settlement in the judicial tribunals of claims made under Spanish titles, many of which were disputed by the United States, as unfounded or fraudulent. This is manifest from the whole scope of the law; and provisions are introduced for the purpose of compelling the claimants to prosecute their claims to final judgment without any unnecessary delay. And it was to accomplish this object, that, instead of limiting the time for appealing to the Supreme Court to five years, as in the act of 1803, it is reduced to four months. But if this appeal can be maintained, there is no limitation in cases of this kind. For here, after filing his appeal in the clerk's office, it has been suffered to remain there for nearly six years, without any citation to notify the district attorney that an appeal had been prayed, or taking any step to prosecute it. This entry without a citation was a mere nullity.

Upon both of the grounds, therefore, above stated, the appeal must be dismissed.

### Order.

This cause came on to be heard on the transcript of the record from the Superior Court of the District of East Florida, and it appearing to the court here that this appeal is barred by the lapse of time, and that the citation is not signed as directed by the act of Congress, it is therefore now here considered and decreed by this court, that this cause be and the same is hereby dismissed, and that this cause be and the same is hereby remanded to the said Superior Court, to be proceeded in according to law and justice.