### CASTRO *v.* UNITED STATES.

1. Appeals from the District Courts of California, under the act of 3d March, 1851—which, while giving an appeal from them to this court, makes no provision concerning returns here, and none concerning citations, and which does not impose any limitation of time within which the appeal may be allowed—are subject to the general regulations of the Judiciary Acts of 1789 and 1803, as construed by this court.

Hence, the allowance of the appeal, together with a copy of the record and the citation, when a citation is required, must be returned to the next term of this court after the appeal is allowed.

---

* 2 Metcalf, 76.  † *Page* v. Hubbard, Sprague, 338.

2. An appeal allowed or writ of error issued must be prosecuted to the next succeeding term; otherwise it will become void.

8. The mere presence of the District Attorney of the United States in court, at the time of the allowance of an appeal, at another term than that of the decision appealed from, and without notice of the motion or prayer for allowance, will not dispense with citation.

THE Judiciary Act of 1789 allows examination, by this court, of final judgments and decrees given in the circuits,* "upon a writ of error, whereto shall be annexed and returned therewith, *at the day and place therein mentioned,* an authenticated transcript of the record, an assignment of errors, and prayer for reversal, with a citation to the adverse party," such party having a notice prescribed in the act. A subsequent act of 1803,† which gives an appeal from decrees in chancery, subjects it to the rules and regulations which govern writs of error. But nothing is said, specifically, in either act, as to *when* the writ of error, the citation, or the record is to be returned to this court.

An act of March 3d, 1851,‡ to ascertain and settle private land claims in the State of California, authorizes, by its tenth section, the District Courts there to hear cases of a certain kind, and declares that after judgment they "shall, on application of the party against whom judgment is rendered, grant an appeal to the Supreme Court of the United States on such security for costs in the District and Supreme Court as the said court shall prescribe." But says nothing more on this subject.

Under this act of 1851, the District Court for the Northern District of California rendered a decree, on the 23d of November, 1859, in a case between Castro, claimant, and the United States. On the 24th of January, 1860, an appeal was granted, on motion by the United States. This appeal seems to have been dismissed; and on the 11th of November, 1864, an appeal was allowed, on the motion of the claimant, the then *District Attorney of the United States being*

---

* Act of September 24, 1789, ch. 20, § 22; 1 Stat. at Large, 84.

† Act of March 3, 1803, ch. 40, § 2, 2 Id. 244.

‡ Ch. 41; 9 Id. 633.

*present in court.* No citation was issued upon this appeal returnable to the next term of this court, nor was the record filed and the cause docketed during that term. On the 29th of May, 1865, however, a citation was issued, returnable at this term, and service of this citation was acknowledged by the present district attorney; and the writ was returned and the record filed at this term, under an agreement between the district attorney and the attorney for the claimants, to submit the cause upon printed briefs. This arrangement was subject to the approval of the attorney-general, who withheld his approval.

*He now moved to dismiss the appeal.*

*Mr. Wills, representing the attorney-general, in support of the motion:* It is true that the act of 1789 does not specifically say that the record, &c., is to be returned to the next term, but it does say so impliedly; and so this court have held. Thus, in *Vilabolos* v. *United States,*\* they say : · The *writ of error* is *always* returnable to the term of the appellate court next following the date of the writ; and the *citation* required by the act of 1789 (which is a summons to the opposite party to appear), must be returnable to the same term; and unless ·the writ and citation are both served before the term the case is *not* removed to the appellate court, and the writ, if returned afterwards, will be quashed. In *United States* v. *Curry,*† the court, referring to *Vilabolos* v. *United States,* said: " The court, in that case, held that the appellant must prosecute his appeal to the next succeeding term;" and in a case long after either,‡—referring to the two cases just cited— they declare: " The *construction* of this act of Congress and the practice of this court under it has been settled."

This settled practice of the court, under the early acts, must be held to regulate an enactment in *pari materiâ;* and such seems to have been the view of the court as it is to be gathered from the very curtly stated case of *Mesa* v. *United States.*§

---

\* 6 Howard, 81.                     † Id. 112.
‡ Brown *v.* Duchesne, 19 Id. 183.     § 2 Black, 721.

*Mr. Stewart, contra:* The objection is technical, and rests on a matter of form only. There is nothing specific in any act which would cause this case to be dismissed for laches; and nothing assuredly of any kind in the act under which the appeal is taken. If there was irregularity, it is waived by the admitted presence and presumable assent of the district attorney; with his confessed acknowledgment of notice

*Reply:* The question is not one of form, but is one of substance; of jurisdiction itself. Nothing that the district attorney did or could do, or that the attorney-general himself could, would give competence to the court, if under the acts of Congress the court has it not.

The CHIEF JUSTICE delivered the opinion of the court:

We have no jurisdiction of this appeal, unless it has been allowed by some act of Congress, and has been brought in substantial conformity with the legislative directions. The appellate jurisdiction of this court is, indeed, derived from the Constitution; but by the express terms of the constitutional grant, it is subjected to such exceptions and to such regulations as Congress may make.

In the Judiciary Act of 1789, and in many acts since, Congress has provided for its exercise in such cases and classes of cases, and under such regulations as seemed to the legislative wisdom convenient and appropriate. The court has always regarded appeals in other cases as excepted from the grant of appellate power, and has always felt itself bound to give effect to the regulations by which Congress has prescribed the manner of its exercise. We here use the word appeals in its largest sense, comprehending writs of error, and every other form in which appellate jurisdiction may be invoked or brought into action.

The acts of Congress providing for and regulating appeals have been often under the consideration of this court; and it may now be regarded as settled, that in the cases where appeals are allowed by the Judiciary Act of 1789, and the additional act of 1803, the writ of error, or the allowance of

appeal, together with a copy of the record and the citation, when a citation is required, must be returned to the next term of this court after the writ is sued out or the appeal allowed; otherwise the writ of error, or the appeal, as the case may be, will become void, and the party desiring to invoke the appellate jurisdiction will be obliged to resort to a new writ or a new appeal.*

In the case now before us, the rule just noticed was not followed. The appeal was allowed on the 11th November, 1864, and the allowance, with a citation to the adverse party, duly served, and a copy of the record, should have been sent here at the next term. This was not done, and the appeal, therefore, became void. The citation subsequently issued was consequently without avail, for there was no subsisting appeal.

The fact that the district attorney was present in court, cannot change this conclusion. We are not prepared to admit that the mere presence of counsel in court at the time of the allowance of an appeal, at another term than that of the decision appealed from, and without notice of the motion or prayer for allowance, would dispense with the necessity for a citation. Certainly it would have no greater effect; and in the case before us, a citation, even if issued and served contemporaneously with the allowance of the appeal, would have availed nothing, because of the omission to make the required return to the next term.

If this appeal, therefore, is to be disposed of under the acts of 1789 and 1803, as interpreted by this tribunal, it must be dismissed.

But it does not come before us under those acts.

It was allowed under the tenth section of the act of March 3, 1851, to ascertain and settle private land claims in the State of California, which authorizes the allowance of ap-

---

* United States *v.* Hodge, 3 Howard, 534; United States *v.* Villabolos, 6 Id. 90; United States *v.* Curry, Id. 112; Steamer Virginia *v.* West, 19 Id. 182; Insurance Co. *v.* Mordecai, 21 Id. 200; Mesa *v.* United States, 2 Black, 721.

peals on application to the District Court, and giving security, if required, for prosecution.

This act makes no provision concerning returns to this court, and none concerning citations; nor does it impose any limitation of time within which appeals may be allowed.

But we cannot suppose that Congress intended no regulation of these appeals in these important respects. It had already prescribed regulations for the most usual invocation of appellate jurisdiction; and when it provided for appeals in these land cases from the District Court for California, it had, doubtless, these regulations in view. We think, therefore, that the appeals authorized by this section must be regarded as appeals subject to the general regulations of the acts of 1789 and 1803. If we held otherwise, we should be obliged to sanction appeals taken at any term, and brought here at any time after final decision; or to confine the right of appeal to the term of the District Court in which the decision complained of was made. We cannot ascribe to Congress either intention.

The appeal before us, therefore, must be considered as having been made subject to those regulations, and must be dismissed for want of conformity to them by the appellant.

MOTION GRANTED.