### WALKER *v.* DREVILLE.

1. Notwithstanding the peculiarities of the Civil Code of Louisiana, the distinctions between law and equity must be preserved in the Federal courts in that State; and equity causes can only be brought to the Supreme Court for review by appeal, and cases at law by writ of error.

---

* See this rule, *supra*, 166.

2. As the pleadings in the Circuit Court for that district are by petition and answer, both at law and in equity, the court must look at the essential nature of the proceeding to determine whether it belongs to the one or to the other.

3. A proceeding which is in its essential nature a foreclosure of a mortgage as a mortgage is foreclosed in a court of chancery, is a suit in equity, by whatever name it may be called; and when brought here by writ of error, the writ must be dismissed.

ERROR to the Circuit Court for the District of Louisiana.

Madame Dreville filed her petition in the court below against one Walker, in which she alleged that he, Walker, was indebted to her in the sum of $5492, and she showed how this debt originated; how the note on which it was founded came into her possession; how much of it has been paid, and how much remained due. She further set forth that a mortgage was given by him on certain real estate, which she described, to secure the payment of the note, and she filed as exhibits, with her petition, copies of the note and the credits indorsed on it, and of the mortgage with its acknowledgment and certificate of its record.

She prayed that Walker might be cited to appear before the court, and that after legal proceedings had, be condemned to pay the sum which she claimed with interest and costs and five per cent. lawyers' fees, as stipulated in the mortgage; and that the plantation mentioned in the mortgage be adjudged and decreed to be subject to the payment of said debt, interests, and costs. Then followed a separate prayer for general relief.

There was for answer, first a short general denial of all the allegations of the petition; and afterwards a long supplemental answer, as it was called, in the nature of a cross-bill, setting up usury, and a cross demand, which was called by the court "a reconvention." This latter pleading was by order of the court, afterwards stricken out, apparently on the ground that it was barred by the statute of limitations. This, however, was done after a distinct hearing on that subject.

The final judgment or decree of the court was:

"That plaintiff recover of the defendant the sum claimed,

with interest, costs, and lawyers' fees; with privilege and mortgage on the property described in the notarial act, passed before Ad. Mazurean, notary, a certified copy of which is made part hereof."

Walker brought the case here on error.

The question considered by the court was, whether the case was properly brought here by that means, and whether it should not have come by appeal?

*Mr. T. J. Durant, for the plaintiff in error; Mr. Miles Taylor, contra:*

Mr. Justice MILLER, having stated the case in the way above given, delivered the opinion of the court.

The pleading, the orders, and the decree of the court, show, we think, so as to need no further argument to a mind familiar with the principles of equity jurisprudence, that the procedure is in its essential nature a foreclosure of a mortgage in chancery. It has all the essential qualities of such a suit, and it has none which is not usual and appropriate in such a proceeding. It is true that there is a personal judgment against defendant, but the ninety-second rule of equity practice prescribed by this court clearly authorizes such a judgment in foreclosure cases. It is the precise mode of foreclosing mortgages adopted in many of the States under their codes, and in all of them, when there is a separate chancery docket, such proceedings are classed among the chancery causes.

We have so often decided that notwithstanding the peculiarities of the Civil Code of Louisiana, the distinctions between law and equity must be preserved in the Federal courts, and that equity causes from that circuit must come here by appeal, and common law causes by writ of error, that we cannot now depart from that rule without overruling numerous decisions and a well-settled course of practice.*

---

* San Pedro, 2 Wheaton, 132; McCollum *v.* Eager, 2 Howard, 61; Minor *v.* Tillotson, Ib. 392; Surgett *v.* Lapice, 8 Id. 48; Brewster *v.* Wakefield, 22 Id. 118; Thompson *v.* Railroad Companies, 6 Wallace, 134.

The present case being a proceeding in equity brought here by writ of error, and not by appeal, the writ must be

Dismissed.

SWAYNE and BRADLEY, JJ., dissented.

