NELSON et al. v. LOWNDES COUNTY.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1899.)

No. 756.

1. EQUITY PRACTICE—NECESSITY OF CROSS BILL.
   Where a defendant files no cross bill, he cannot be granted affirmative relief, beyond such as necessarily follows the dismissal of the bill.

2. REVIEW IN EQUITY—MUST BE BY APPEAL.
   An appeal is the proper mode of review in equity, and a decree of a circuit court in equity cannot be brought to the circuit court of appeals for review by writ of error.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

The Land, Mortgage, Investment & Agency Company of America, Limited, —an English corporation,—owned a tract of land in Lowndes county, Miss. This tract of land was sold by said company on June 4, 1894, to the county of Lowndes, for the sum of $6,000. The county of Lowndes paid $1,000 cash, and the board of supervisors gave obligations of the county for payment of balance of purchase money,—10 notes, of $500 each, payable January 1, 1895, to January 1, 1904, inclusive. These notes were secured by a trust deed on the land. Notes of the county for the payment of interest annually were likewise executed by the board of supervisors of the county. All these notes of the county were payable to the Land, Mortgage, Investment & Agency Company of America, Limited, at the Commercial Bank of Selma, Ala. In December of 1896 the Commercial Bank of Selma, where the notes were payable, having failed, the president of the board of supervisors of Lowndes county sent to W. R. Nelson, who was the trustee of the deed of trust of the English company, New York exchange for $820, to cover notes ($500 principal and $320 interest) due by the county on January 1, 1897. Through error, the draft was made payable to the British & American Mortgage Company. W. R. Nelson returned the draft, and requested that a draft payable to the Loan Company of Alabama be sent him. Franklin, president of the board, wrote Nelson that the county did not know the Loan Company of Alabama in the transaction, but requested Nelson to send notes to some bank at Columbus, Miss., and assured Nelson that, if such was done, the notes would be paid promptly on presentation. Nelson declined to do this. Franklin, president of the board of supervisors, then sent New York exchange for $820 to the City National Bank, of Selma, Ala., payable to the said Land, Mortgage, Investment & Agency Company of America, Limited, who were the payees of the notes, and requested the City National Bank to call on Nelson and pay the notes. Nelson refused to accept it, as it was not payable to the Loan Company of Alabama. The county of Lowndes then, through the Columbus Insurance & Banking Company (a bank in Columbus, Lowndes county), requested the City National Bank of Selma to pay to W. R. Nelson the sum due on the two notes, in money, whenever he (W. R. Nelson) would produce the notes properly indorsed. The Selma bank declined to do this, as they would not guaranty Nelson's indorsement of the notes. The county of Lowndes

then, through the same Columbus Bank, instructed the City National Bank to pay all of the notes (principal and interest accrued) to whomsoever might have them, and that the county would assume all responsibility for indorsements. Nelson replied to the Selma bank as follows:

"Law Office of W. R. Nelson.

"Selma, Ala., Feby. 17th, 1897.

"Mr. A. G. Parish, Cashier, Selma, Ala.—Dear Sir: The note from Columbus Ins. & Banking Co., sent over by you, received. I take it for granted that you are prepared to tender the $4,366.30 in matter of notes of Lowndes county; but you did not say so. However, if tendered, I'd decline, for two reasons: 1st, notes and trust deed have been forwarded our attorney in Columbus for collection, or advertisement of the property; and, 2nd, the amount of $4,366.30 would not pay the claim, as it now stands.

"Yours, truly,                                                    W. R. Nelson."

At the next meeting of the board of supervisors of Lowndes county after Nelson's refusal of February 17, 1897, to accept the money (principal and interest to date), the board passed the following:

"Order of Board of Supervisors, Lowndes County, March 3, 1897.

"The sum of $4,450.00 is hereby placed in the hands of C. L. Lincoln, clerk of the board, and clerk of the chancery court of Lowndes county, Mississippi, with instructions to pay to the Land, Mortgage, Investment & Agency Company of America, Limited, or its assignees, upon presentation to him, and all interest accrued to date of presentation, the notes of Lowndes county, Mississippi, executed on the 4th day of June, 1894, payable to the Land, Mortgage, Investment & Agency Company of America, Limited, as follows:

"One note for $500.00, due 1st January, 1897,
"    "     "    500.00,   "   1st January, 1898,
"    "     "    500.00,   "   1st January, 1899,
"    "     "    500.00,   "   1st January, 1900,
"    "     "    500.00,   "   1st January, 1901,
"    "     "    500.00,   "   1st January, 1902,
"    "     "    500.00,   "   1st January, 1903,
"    "     "    500.00,   "   1st January, 1904,
"    "     "    320.00,   "   1st January, 1897,

—and interest that may be due on said above-described notes up to date of presentation, as contained and represented by a note of $280.00, dated June 4, 1894, and due January 1, 1898. Or, in default of any presentation of said notes for payment, said C. L. Lincoln, clerk of this board, and clerk of the chancery court of said Lowndes county, is ordered to pay said money as he may be directed by the chancery court of Lowndes county, Mississippi, or any other court of competent jurisdiction. It is ordered that a warrant be drawn on the county treasurer, in favor of C. L. Lincoln, chancery clerk, for said sum of $4,450.00 payable out of county fund.

"Date of order of board and warrant, 3d March, 1897."

W. R. Nelson, trustee, advertised the tract of land for sale. As the notes were executed to the Land, Mortgage, Investment & Agency Company, Limited, and the Loan Company of Alabama demanded the money, the county instituted this suit by bill of interpleader, containing the following tender: "Complainant tenders with this bill of complaint, and makes that tender continuous, the full amount of its notes maturing January 1, 1897, and all interest thereon, and, acting under its option to call in all its notes, makes tender of the full amount, principal and all accrued interest, to date of presentation of all said notes executed as aforesaid on June 4, 1894, to the Land, Mortgage, Investment & Agency Company of America, Limited, of London, England, and makes that tender continuous. This tender is made to the Land, Mortgage, Investment & Agency Company of America, Limited, of London, England, to the Loan Company of Alabama, to Wm. R. Nelson, or to whomsoever may be the legal holders of said notes." The prayer of the bill of interpleader was as follows: "Complainant asks for process of this court to all

the defendants hereinabove named, and for an order enjoining the said Wm. R. Nelson and all of the other defendants from foreclosing of the said deed of trust until this cause shall have been heard and determined by this court, and that all of said defendants interplead and propound their respective claims to the said notes. And complainant asks that this court will enforce the right of complainant to call in and pay off all of said notes upon payment of principal and accrued interest to date of payment, and that this cause be referred to a commissioner to state an account of the amount due thereon, and that, upon failure of defendants to deliver up its said notes for payment, that complainant be permitted to leave the amount thereof in the custody of this court, and that this court will decree the cancellation of the deed of trust executed as aforesaid to secure them. Or, if complainant has not asked for proper relief, for general relief." The injunction prayed for was issued.

W. R. Nelson, in his individual character, and as trustee for the benefit of the English company and the Loan Company of Alabama, jointly, filed a very lengthy answer, to the effect that the notes were the property of the Land, Mortgage, Investment & Agency Company of America, Limited, of London, England, and that the county of Lowndes was in default for not paying the amount of said notes to the Loan Company of Alabama, or Nelson, trustee, and that they had a right to proceed to the foreclosure of the trust deed and the sale of the mortgaged property. This answer was accompanied with exhibits of all the interesting correspondence between the parties from the beginning, and concluded with a prayer that the bill be dismissed, the injunction be dissolved, and for a decree of 10 per cent. on the amount due on the notes, because of the damage wrongfully sustained by suing out the injunction. The English company filed an unsworn answer, asserting their ownership of the notes, and adopting the answer of Nelson and the Loan Company of Alabama.

The matter was subsequently brought before the judge at chambers, and the following decree was rendered:

"Be it remembered that on this 20th day of January, 1898, came on to be heard and considered at Columbus, by the written consent of all parties, the motion of all the above-mentioned defendants to dissolve the injunction which had been granted in this case for the reasons given in their motion to dissolve the same. And the court having considered fully the said motion, and all the pleadings, exhibits, and proof, and being satisfied that the grounds taken in said motion for dissolution are well taken, it is therefore ordered, adjudged, and decreed that the complainants have ten days in which to tender the amount of principal and interest as promised in said notes, from maturity up to the present time, to the holders of the notes, or their attorneys of record, and, if not so tendered, the injunction be, and the same is hereby, dissolved after the expiration of said ten days. It is further ordered and decreed by the court that the liability of complainant for the five per cent. fees for the trustee, and the ten per cent. on the amount of the debt for attorney's fees, be held for adjudication and decision until the hearing of the bill in this case at a future term of the court. The cost of the injunction to be paid by the complainants.

"So adjudged at chambers this 20th January, 1898."

At the term following, the following decree was entered:

"Be it remembered that on this, the 13th day of April, 1898, came on to be heard and considered this case, on bill, answer, exhibits, and proof; and it appearing to the court that since the decree of this court, rendered on the 20th day of January, 1898, at chambers, directing a dissolution of the injunction unless the amount of principal and interest due on the notes should be tendered within ten days, the complainant has paid the amount to defendants, and it now being considered by the court that the county is not liable to pay the ten per cent. lawyer's fee, nor the five per cent. fee to the trustee, it is so ordered and adjudged. It is further ordered and decreed that the complainant shall pay all the costs of this suit, for which an execution may issue as at law. The motion of complainant to remand the cause to state court is hereby overruled by the court. The defendants' petition for an appeal from the decree refusing defendants' attorney's and trustee's fees to appeal court of the

Fifth circuit, at New Orleans, is granted by the court, upon the complainant entering into bond for costs of the appeal in the sum of two hundred dollars within sixty days from this date.

"Done in open court.                                    H. C. Niles, Judge."

The record does not show that any bond was given for an appeal, but on the same day the last-mentioned decree was rendered a petition for a writ of error to this court was filed, and was allowed, upon a bond in the sum of $300, to be conditioned according to law. On May 16th following, a bond for writ of error was given, and approved by the judge of the court, and thereupon a writ of error removing this case to this court was duly issued.

J. A. Orr, for plaintiffs in error.
Wm. Baldwin, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

After stating the facts as above, the opinion of the court was delivered by PARDEE, Circuit Judge.

As the defendants below filed no cross bill, and as the answer prayed only for a dissolution of the injunction, and 10 per cent. damages for its wrongful issue, no affirmative relief, beyond such as necessarily would follow the dismissal of the bill, could have been properly awarded against the complainant in the lower court. See Bradford v. Bank, 13 How. 57; Book v. Mining Co., 58 Fed. 827; Moran v. Hagerman, 12 C. C. A. 239, 64 Fed. 499.

The case has been exhaustively argued on the proposition that the notes and deed of trust in controversy were void because, while having full authority to purchase the lands described in the deed, for a poor farm, the county of Lowndes had no express power to issue the notes in question in payment therefor. From the examination we have given the evidence in the record, if we should hold that the notes and deed of trust were not void for the reason given, but were in all respects valid, we would still doubt whether, in equity and good conscience, the defendants below, under the circumstances shown by the pleadings and evidence, were entitled, after the payment of the principal and interest of the notes, to further prosecute the foreclosure of the trust deed to recover counsel fees and trustee compensation. As we view the case, however, we decide none of these questions, because we are of opinion that the writ of error must be dismissed.

The suit below was properly instituted, prosecuted, and heard as a suit in equity. Under the judiciary act of 1789, and the act of March 3, 1803, a writ of error in an admiralty case was dismissed; the court holding that "causes of admiralty and maritime jurisdiction, or in equity, cannot be removed to an appellate court by writ of error." The San Pedro, 2 Wheat. 132. "A writ of error is not the proper mode of bringing up for review a decree in chancery. It should be brought up by an appeal." McCollum v. Eager, 2 How. 61. In Taylor v. Savage, 2 How. 394, an appeal in a case at law was dismissed. "Notwithstanding the peculiarities of the Civil Code of Louisiana, the distinctions between law and equity must be preserved in the federal courts in this state; and equity causes can only be brought to the supreme court for review by appeal, and causes at law by writ of error." Walker v. Dreville, 12 Wall. 440.

"When a proceeding below is, in its essential nature, a foreclosure of a mortgage in chancery, an appeal is the only proper mode of bringing it to the supreme court." Marin v. Lalley, 17 Wall. 14. "There are two principal methods known to English jurisprudence, and to the jurisprudence of the federal courts, by which cases may be removed from an inferior to an appellate court for review. These are the writ of error and the appeal. There may be, and there are, other exceptional modes, such as the writ of certiorari at common law, and a certificate of division of opinion, under the acts of congress. The appeal, which is the only mode by which a decree in chancery or in admiralty can be brought from an inferior federal court to this court, does bring up the whole case for re-examination on all the merits, whether of law or fact, and for consideration on these as though no decree had ever been rendered. The writ of error is used to bring up for review all other cases, and, when thus brought here, the cases are not open for re-examination on their whole merits, but every controverted question of fact is excluded from consideration; and only such errors as this court can see that the inferior court committed, and not all of these, can be the subject of this court's corrective power." Murdock v. City of Memphis, 20 Wall. 621, 622. Further on it is said in the same opinion (speaking of a writ of error): "But this writ cannot bring a decree in chancery or admiralty from the circuit court to this court for review. It has no such effect; and we dismiss, every day, cases brought here by writ of error to a circuit court, because they can only be brought here by appeal, and the writ of error does not extend to them." "An appeal is the only mode by which the appellate jurisdiction of this court can be exercised in equity suits brought in the courts of the United States, and it does not lie before a final decree has been rendered." Hayes v. Fischer, 102 U. S. 121. And see Improvement Co. v. Bradbury, 132 U. S. 515, 10 Sup. Ct. 177; Fleitas v. Richardson, 147 U. S. 544, 13 Sup. Ct. 429; Land Trust v. Hoffman, 6 C. C. A. 358, 57 Fed. 336. While the decree recites, "The defendants' petition for an appeal from the decree refusing defendants' attorney's and trustee's fees to appeal court of the Fifth circuit, at New Orleans, is granted by the court, upon the complainant entering into bond for costs of the appeal, in the sum of two hundred dollars, within sixty days from this date," the record shows no such petition, nor that such appeal was perfected; but the record does show that the petition was for a writ of error, which was allowed, issued, and filed, and proper bond therefor accepted by the trial judge. We are clear that, if the case has been removed to this court for review, it is here solely on a writ of error, and that for the reasons given above the writ must be dismissed; and it is so ordered.