KELLEY *et al.* v. McCOMBS *et al.*

No. 35.    Opinion Filed May 12, 1909.

(102 Pac. 186.)

**APPEAL AND ERROR—Decree in Equity—Review by Writ of Error.**
Under Act Cong. March 3, 1905, c. 1479, sec. 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), providing that appeals and writs of error shall be taken from the courts of the Indian Territory to the United States Court of Appeals for the Indian Territory in the same manner as cases are taken by appeal and by writ of error from the United States Circuit Courts to the United States Circuit Court of Appeals, a decree in equity cannot be reviewed by writ of error.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory at Muskogee; William R. Lawrence,*
*Judge.*

Action by Sarah McCombs and others against Robert Kelley and others. Judgment for plaintiffs. Defendants bring error. Dismissed.

This action was originally brought by defendants in error

against plaintiffs in error Robert Kelley and Frederick Severs in the United States Court for the Western District of the Indian Territory at Muskogee. By their petition they prayed the court for a decree adjudging them and Robert Kelley to be the heirs of one Semikee, a deceased Creek Indian, and, as such heirs, to be the owners of certain lands allotted by Semikee during his lifetime, and further prayed the court for a decree partitioning said lands among them and the defendant Robert Kelley. Plaintiffs in error Robert Kelley and Frederick Severs filed their answer, in which they allege that they claim no interest in the title to said property described in the petition of defendants in error, but set up title to said property in plaintiff in error Barney Lumpkin, and alleged that they are in possession and hold said lands under him. Barney Lumpkin thereupon, after leave of court granted, filed his plea of intervention, in which he prays that defendants in error take nothing by the action, and that he be given judgment decreeing him to be the sole heir of Semikee, deceased, and, as such heir, the sole owner of the land in controversy. The case was referred to a master for his report on the facts, and a report was by him made, which was confirmed by the court and judgment rendered in accordance with the prayer of the petition of defendants in error. Said judgment was rendered on the 14th day of September, 1907. Thereafter, on the 2d day of November, 1907, plaintiffs in error presented to Hon. William R. Lawrence, associate justice of the United States Court of appeals for the Indian Territory, their petition for a writ of error, which was allowed. The clerk of the district court of Muskogee county, as the successor of the clerk of the United States Court of the Western District of the Indian Territory at Muskogee, in obedience to said writ of error, on the 31st day of December, 1907, filed in this court a transcript of the record and proceedings had in the trial court.

*Brook, Brook & Thurman,* for plaintiffs in error.
*Thomas & Foreman,* for defendants in error.

HAYES, J. (after stating the facts as above). This is an action in equity, brought and tried on the equity side of the docket of the United States Court for the Western District of the Indian Territory at Muskogee. Plaintiffs in error seek by writ of error to have the decree entered therein reviewed by this court.

In *Porter et al. v. Brook,* 21 Okla. 885, 97 Pac. 645, it was held by this court that subsequent to the approval of Indian Appropriation Act March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), appeals taken from the United States Courts of the Indian Territory to the United States Court of Appeals for that territory must be taken in the manner governing the taking of appeals and writs of error from the circuit court of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit.

In *Moberly v. Roth* (recently decided by this court), *ante,* p. 856, 102 Pac. 182, it was held that a judgment rendered in a United States Court of the Indian Territory less than six months prior to the admission of the state, from which no appeal had been taken at the time of the admission of the state, could be appealed from to this court after the admission of the state in the manner provided by section 12 of the said act of Congress approved March 3, 1905 (c. 1479, 33 Stat. 1081 [U. S. Comp. St. Supp. 1907, p. 208]). Under the rule in that case, we think that the appeal (and we here use the word "appeal" in its general sense), which had been begun by plaintiff in error in this action before the admission of the state, but which had not been perfected, if it had been properly begun, could have been completed after the admission of the state.

But plaintiffs in error seek to have this court review by writ of error a decree in chancery. This he cannot do. Under the federal procedure which controls the mode of review in a case where judgment was rendered in a United States court of the Indian Territory a review of a decree in equity can be had only by appeal, and not by writ of error. *Highland Boy Gold Min. Co. v. Strickly,* 116 Fed. 852, 54 C. C. A. 186; *Nelson et al. v. Lowndes*

*Co.,* 93 Fed. 538, 35 C. C. A. 419; *McCollum v. Eager,* 2 How. 61, 11 L. Ed. 179; *Walker v. Dreville,* 12 Wal. 440, 20 L. Ed. 429; *Hayes v. Fischer,* 102 U. S. 121, 26 L. Ed. 95. In *Highland Boy Gold Min. Co. v. Strickley, supra,* Sanborn, Circuit Judge, who delivered the opinion of the court. says:

"A decree in equity cannot be reviewed by a writ of error, nor can a judgment at law he challenged by an appeal."

It therefore follows that this proceeding must be dismissed.

All the Justices concur.