## PARKS V. CITY OF ADA.

### No. 64.   Opinion Filed July 13, 1909.

### (103 Pac. 607.)

1. **APPEAL AND ERROR—Transfer of Cause—Method.** A judgment rendered in a United States Court for the Indian Territory prior to the admission of the state cannot be brought to the Supreme Court of the state for review by a proceeding in error with a petition in error and transcript.

2. **APPEAL AND ERROR—Citation—Necessity.** Under the federal appellate procedure in force in the Indian Territory prior to the admission of the state, an appeal which was allowed by one of the justices of the United States Court of Appeals for the Indian Territory becomes inoperative; and no motion will be dismissed, where no citation was issued and signed by such justice upon the allowance of the appeal and approval of the bond, and where no citation by order of the Supreme Court has been issued and served before the expiration of the ensuing term after the allowance of the appeal.

3. **APPEAL AND ERROR—Citation—Power of Clerk to Issue.** Under such procedure the clerk of the court has no power to issue and sign a citation.

(Syllabus by the Court.)

*Error from the United States Court for the Southern District of the Indian Territory at Ada; J. T. Dickerson, Judge.*

Action by the City of Ada against Harry Parks. Judgment for plaintiff, and defendant brings error. Petition in error dismissed.

*S.. T. Bledsoe* and *J. F. McKeel,* for plaintiff in error.

*Thomas P. Holt,* City Atty., *Clinton A. Galbraith,* and *Tom D. McKeown,* for defendant in error.

HAYES, J.  This is an action in equity instituted originally in the United States Court for the Southern District of the Indian Territory at Ada by defendant in error, plaintiff below, seeking to abate a nuisance.  The trial in that court resulted in a judgment in favor of defendant in error.  The decree was rendered on the 14th day of October, 1907.  After the adjournment of the term at which the decree was entered, a petition and prayer for appeal to the United States Court of Appeals for the Indian Territory, with assignments of error, was presented by plaintiff in error, defendant below, to the Honorable Hosea Townsend, associate justice of said court, who allowed the appeal and fixed the amount of the supersedeas bond.  The petition for appeal, and the allowance thereof, and the bond, were filed with the clerk of the trial court on the 15th day of November, 1907.  No citation was signed by the justice allowing the appeal, and none has since been issued and served.  On the 10th day of February, 1908, plaintiff in error filed in this court his petition in error, accompanied by a transcript of the record in the trial court and has issued a summons in error from this court, the service of which was accepted by defendant in error. A motion to dismiss this proceeding has been filed by defendant in error upon the ground that the judgment in the lower court cannot be reviewed by this court under the procedure taken by plaintiff in error, and that the appeal allowed by the Honorable Hosea Townsend on the 15th day of November, 1907, before the admission of the state, is inoperative because no citation was ever issued or served.

In *Kelley et al. v. McCombs et al.,* 23 Okla. 867, 102 Pac. 186, a case recently decided by this court, it was held that a judgment rendered in a suit in equity in one of the United States courts of the Indian Territory before the admission of the state could be brought to this court for review after the admission of the state only by appeal; and that the federal appellate proced-

ure, put in force in the Indian Territory by Act Cong. March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), governed such appeal. Under the rule of that case, plaintiff in error could present nothing to this court for review in the case at bar by proceeding in error perfected by filing in this court a petition in error with a transcript of the proceedings in the lower court thereto attached; but plaintiff in error contends that he tendered the transcript to the clerk of this court to be filed, and that the clerk refused to file the same unless it was accompanied by a petition in error, and that he is entitled to have the judgment reviewed by this court notwithstanding it was accompanied by a petition in error, for the reason that the transcript filed contains the petition for appeal and the allowance thereof, and the assignment of error, and in all other respects conforms to the procedure in the Indian Territory before the admission of the state. We are of the opinion that this contention is not sound, for the reason that no citation was issued upon allowance of said appeal, or has been issued since. The issuance of citation is not jurisdictional; but where the same is not issued at the time of the allowance of an appeal, which is allowed subsequent to the term of court at which the judgment is rendered, and no order of the appellate court for issuance of citation is obtained during the ensuing term after the appeal is allowed, such appeal becomes inoperative.

The leading case upon this question is *Jacobs v. George,* 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127, wherein the court summarizes the rules relative to issuance and service of citation in the following language:

"(1) When an appeal is allowed in open court and perfected during the term at which the decree or judgment appealed from was rendered, no citation is neecssary. (2) When an appeal is allowed at the term of the decree or judgment, but is not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at the next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation

may be issued, by leave of this court, although the time for taking the appeal has elapsed. (3) When an appeal is allowed at a term subsequent to that of the decree or judgment appealed from, a citation is necessary; but it may be issued, properly returnable even after the expiration of the time for taking the appeal, if the allowance of the appeal were made before. (4) A citation is one of the necessary elements of an appeal taken after the term, and if it be not issued and served before the end of the next ensuing term of this court, and be not waived, the appeal becomes inoperative."

Under the fourth rule stated above, the issuance and service of a citation before the end of the next ensuing term of this court after the appeal was allowed was necessary. The ensuing term of this court adjourned on the 11th day of May, 1908. No citation was ever issued or served during that term, nor was any appearance made by defendant in error. The appeal upon the adjournment of such term became inoperative unless saved by the summons in error issued by the clerk of this court; but in our opinion such result did not follow the act of the clerk issuing the summons in error, for, while no special form is required for a citation, the clerk of the court is without authority to issue one. *Freeman v. Clay et al.*, 48 Fed. 849, 1 C. C. A. 115; *United States v. Hodge*, 3 How. 534, 11 L. Ed. 714.

The motion to dismiss is sustained.

All the Justices concur.