## CONNER v. TAILOR & LEAVERETT.

### No. 79. Opinion Filed September 14, 1909.

#### (104 Pac. 65.)

1. **APPEAL AND ERROR—Judgment—Review by Writ of Error.** A judgment rendered in a United States Court for the Indian Territory prior to the admission of the state into the Union cannot be brought to this court for review by a proceeding in error with a petition in error and transcript.

2. **APPEAL AND ERROR—Judgment—Method of Review.** A judgment rendered in a United States Court for the Indian Territory prior to the admission of the state into the Union can be reviewed by this court only on appeal or writ of error sued out and taken and prosecuted pursuant to Act Cong. March 3, 1905, c. 1479, Sec. 12, 33 Stat. 1081 (U. S. Comp.. St.. Supp.. 1907, p, 208)..

(Syllabus by the Court.)

*Error from the United. States Court for the Southern District of the Indian Territory, at Ada; J. T. Dickerson, Judge.*

Action by Tailor & Leaverett against F. L. Conner. Judgment for plaintiffs, and defendant brings error. Petition in error dismissed.

*J. W. Hocker,* for plaintiff in error.

*J. B. Thompson,* for defendants in error.

TURNER, J. This is a suit on a contract for boring a well brought originally in the commissioners' court by defendants in in error, plaintiffs below, against plaintiff in error, defendant below, which on appeal and trial anew in the United

States Court for the Indian Territory, Southern District, at Ada, resulted in a verdict in favor of plaintiffs and against defendant, upon which final judgment was rendered and entered on October 2, 1907. On the same day motion for a new trial and in arrest of judgment were filed and overruled, an appeal prayed and granted, and later *supersedeas* bond was filed by defendant and approved by the court. Thereafter, at the same term, defendant as plaintiff in error filed his petition for a writ of error, which said writ was on October 22, 1907, allowed by the Honorable J. T. Dickerson, trial judge, and the same was issued and filed in the office of the clerk of said court. No citation issued and no return was made to said writ. On February 24, 1908, plaintiff in error filed in this court his petition in error with a transcript of the record of the trial court, which was duly served on defendants in error. Although the cause has been submitted by both sides on briefs, we cannot entertain jurisdiction of the appeal for the reason that the judgment of the lower court cannot be reviewed by this court under said procedure by petition in error. In *Kelley et al. v. McCombs et al.* (recently decided by this court), 23 Okla. 867, 102 Pac. 186, it was in effect held that a judgment rendered in a suit in equity in one of the United States Courts in the Indian Territory prior to the admission of the state into the Union could be brought to this court after that time only by appeal, and that the federal appellate procedure in force in said territory by Act Cong. March 3, 1905, governed such appeal. See, also, *Parks v. City of Ada, ante,* p. 168, 103 Pac. 607.

It follows that as a citation and writ of error duly returned to this court is indispensable to vest this court with jurisdiction in this cause, and as said petition in error with transcript attached and summons in error brought nothing to this court which we can review, this appeal must be dismissed, and it is so ordered.

All the Justices concur.

Conner v. Tailor & Leaverett.

ON PETITION FOR REHEARING.

After the foregoing opinion was handed down, to wit, on August 26, 1909, there was filed in this court in this cause the writ of error sued out and filed in the trial court October 8, 1907, and a petition for rehearing, attached to which is a waiver of issuance of summons in error dated December 5, 1907, alleged to have been filed in this court, with averment, in effect, that plaintiff in error, being in doubt which way to proceed, had sought to bring this case here both by proceeding in error with petition in error and transcript and by writ of error pursuant to the federal appellate procedure in force in the Indian Territory by Act Cong. March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), and that this case is properly here under said act. We do not think so for the reason that, as nothing was done during the life of said writ and pursuant thereto to lodge the transcript in this court, it became *functus officio* after the time for making return thereunder had passed, and its subsequent filing in this court amounted to nothing. This was, in effect, the ground upon which the court dismissed the appeal in *Castro v. U. S.*, 3 Wall. 46, 18 L. Ed. 163, and *Villabolos v. U. S.*, 6 How. 81, 12 L. Ed. 352, speaking of which the court in *Mussina v. Cavazos et al.*, 6 Wall. 355, 18 L. Ed. 810, said:

"The ground of that decision, and also of the case of *Villabolos v. U. S.*, 6 How. 81, 12 L. Ed. 352, which preceded it, is the general principle that all writs which have not been served, and under which nothing has been done expire on the day to which they were made returnable. They no longer confer any authority, an attempt to act under them is a nullity, and new writs are necessary, if the party wishes to proceed.   *   *   *   In these cases the appeals were dismissed because no returns of the transcript to this court were made until by analogy to the writ of error the time for making such returns had passed; and the writs, if writs had been issued, would have become *functus officio.*"

The petition for rehearing is denied.

All the Justices concur.