# CASES OF PRACTICE

AND

## DECISIONS IN NON-ENUMERATED MOTIONS.

-----

### PEET *vs.* McGRAW.

March, 1840.

A *writ of error* will not lie until a final determination of all the issues joined in the court below, unless *from the record itself* it is apparent that the judgment rendered in the court below disposes of the whole matter.

IN this case a motion was made to quash a writ of error, sued out by the plaintiff below, who brought an action of *replevin* for a pair of horses. The declaration contained two counts. The defendant pleaded the general issue and a special plea to each of the counts. Issues of fact were joined upon all the pleas except the special plea to the second count, to which there was a *demurrer*, and upon which the court below gave judgment for the *defendant*. Whereupon the plaintiff, without disposing of the issues of fact, sued out a writ of error ; and in answer to the motion to quash the writ, read an affidavit that the cause of action was the same in each count, and if the plea to the second count on which the court below had given judgment for the defendant could be sustained, it was useless to proceed with the action.

*By the Court*, NELSON, Ch. J. I was at first struck with the force of the reason urged in favor of a decision on the writ of error as to the plea sustained on demurrer by the court below, without requiring the party to go on and try the issues of fact, as it went to the whole cause of action,

and refused to quash the writ, thinking it useless the parties should be at the expense of trying those issues in the face of the opinion of the court. But I am now satisfied it should have been quashed. I was led into the mistake by allowing the legal import of the pleadings on the record to be controlled by the opposing affidavit; whereas nothing short of a change of such import or effect entered upon the record itself, should have been regarded. If both counts included the same cause of action, and a valid bar to one would be equally so to the other, and the plaintiff wished to avoid the expense of trying the issues formed upon both, he should have entered a *nolle prosequi* as to one. That would afford the best and safest evidence of the fact, and nothing short can be allowed for the purpose of this writ.

It is only upon the idea that the *whole matter is disposed of and ended* in the court below, that the writ of error can be sustained; and that should be determined from an inspection of the record itself, not by affidavit. *Metcalf's case,* 11 Coke, 38, is decisive upon this point. It is there said in the second resolution, that the words in the writ *si judicium inde redditum sit,* &c. are intended not only a judgment in the *chief matters in controversy,* but also in the whole, so that the suit may be at an end. Several examples are given. Such as an action of trespass for taking cattle: as to parcel, the defendant pleaded not guilty; and as to the other, he pleaded another plea, to which there was a demurrer, afterwards the issue was found for the plaintiff, upon which he had judgment; but error would not lie till the whole matter was determined. The reason given is, that if the record should be removed, before the whole matter be determined in the court below, there would be a failure of justice, for the king's bench cannot proceed upon the matters not determined, and upon which no judgment is given; and the whole record ought to be in the common pleas or king's bench; "it is entire, and cannot be here and there likewise." The court below is not authorized to send the record till the whole matter is determined. The writ is conditional, *si judicium inde redditum sit, tunc recordum, et processum, &c. mittatis, &c.* The word *inde,* it is said,

goes to the entire matter, and until that is determined, the record and proceedings are not to be sent by the terms of the writ.

Lord Coke mentions one or two exceptions to the general rule in *Metcalf's case*, p. 41, but they are out of the ordinary proceedings in a suit, and stand upon grounds peculiar to the particular case and mode of proceeding. Where the determination below shows that the party is entitled to judgment upon the whole record, there, though there may be other issues, error may be brought; the case then falls directly within the reason of the general rule. The whole matter is disposed of and at an end. 1 Saund. 80, *n*. 1. The case of *Jack* v. *Martin*, 12 Wendell, 311, is an example, and the remark will explain some other cases cited by the counsel for the plaintiff here. It will not, I admit, explain the case of *Post* v. *Jackson*, 17 Johns. R. 239 and 479, and perhaps others, but these must have been carried up without the objection taken, and stand upon the acquiescence of the parties; or possibly the whole case may have been disposed of below, though not stated in the report of the case.

I am clear, therefore, that the writ must be quashed; but as the attorney for the plaintiff in error proposes now to enter a *nolle prosequi* upon the *other count*, he may do so in the court below, as of *the term judgment was rendered on the demurrer, on payment of the costs of the issues upon it to the defendant's attorney*, in 20 days after service of a copy of this rule; in that case, the writ to stand; otherwise, to be quashed.

As the motion was before unadvisedly denied, the attorney for the plaintiff must refund the costs paid on that motion.

No costs of this motion on either side.