WILLIAM HOLCOMBE, PLAINTIFF IN ERROR, *v.* JOHN McKUSICK, JONATHAN E. McKUSICK, CHRISTOPHER CARLE, HORACE K. McKINSTRY, ELIAS McKEAN, AND JOSEPH C. YORK.

Where there was a demurrer to some parts of a replication, and a motion to strike out other parts, still leaving in the replication some essential allegations, a judgment upon the demurrer and motion to strike out was not such a final judgment as can be reviewed by this court.

THIS case was brought up, by writ of error, from the Supreme Court of the Territory of Minnesota.

The case is stated in the opinion of the court.

It was argued by *Mr. Bradley* for the plaintiff in error, upon which side there was also a brief filed by *Mr. Brisbin* and *Mr. Stevens*, and by *Mr. Cushing* and *Mr. Gillet* for the defendants.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Territory of Minnesota.

The suit in the court below was brought to recover damages for wrongfully entering the plaintiff's dwelling-house at Stillwater, Minnesota Territory, and doing great injury to the same, removing it from its foundations, damaging and destroying the personal property therein, &c.

The defendants, in their answer, set forth an act of the Legislature of the Territory of Minnesota, incorporating the city of Stillwater, and conferring upon the municipal authorities the usual powers for the well government of the inhabitants thereof; the organization of the government of the city under its charter, and the election of its officers, and, among others, that one of the defendants, J. E. McKusick, was elected marshal. The answer set forth, also, an ordinance passed by the city council, in pursuance of authority given by the charter, which, among other things, provided for the removal of ob-

structions in the public streets and landing places, and conferred authority upon the marshal to remove such obstructions. The answer then sets forth that the plaintiff's dwelling was erected upon Main street in the city, and obstructed the free use of the same, and had become a public nuisance; and that the marshal removed the said obstruction, in pursuance of the authority conferred upon him by the ordinance, which is the act complained of by the plaintiff; and that the other defendants were called in to his assistance in the performance of this duty. The answer then denies the special damage set up in the complaint.

The plaintiff, in reply to the new matter set forth in the answer, denies, according to the formula prescribed by the Minnesota code, the existence of the charter of the city of Stillwater, set forth in the answer, and avers that no act of incorporation was ever published, as prescribed by the laws of the Territory. The plaintiff then sets out at large a charter of the city, which was published according to law; denies the election of the municipal authorities under the charter, also the existence of any city ordinance passed by the city council; and the election of the defendant, McKusick, his qualification in the office, or that he ever entered upon his duties. The plaintiff also denies that his dwelling-house was erected on Main street, or that it obstructed the same.

There is also a long statement respecting the title to the land embraced within the corporate limits of Stillwater, which it is not material to set forth. The plaintiff further denies that, in making the removal of the dwelling-house, the defendants used proper care and caution to prevent unnecessary damage.

The defendants have demurred to all that portion of the reply which commences with denying the existence of the act of incorporation of the city of Stillwater, and including the charter set forth in the answer. They demur also to the allegation in the answer, stating that the dwelling-house was erected prior to the 12th day of September, 1848; and, also, to all that part of the answer relating to the title to the land embraced within the city of Stillwater.

The defendants also made a motion to strike out certain portions of the reply, which was granted, but it is not material to notice the portions particularly.

The District Court of the Territory sustained the demurrer of the defendants to the portions of the plaintiff's reply above referred to, with leave to the plaintiff to amend. No amendment having been made, judgment upon the demurrer was made absolute, with costs. An appeal was taken to the Su-

preme Court of the Territory, where the judgment below was affirmed, with costs. The case is now here on a writ of error to this court.

The portions of the reply demurred to, and also those stricken out on motion, must be regarded as disposed of, and it will be necessary to look at those portions left, which have neither been demurred to nor stricken out, and therefore remain unanswered. One portion of the reply in this predicament is as follows: "And the plaintiff denies that the said dwelling-house obstructed Main street, in the city of Stillwater, or that the same was kept or maintained as a public nuisance."

Another is, a denial of the existence of the ordinance of the city council of Stillwater, conferring authority upon the marshal to remove obstructions in the public streets; also a denial that the defendant, J. E. McKusick, was elected marshal, or had qualified as such; and, further, a denial by the plaintiff of the allegation in the answer, that the removal of the dwelling-house was made, doing no unnecessary damage, &c.

All these matters, in reply to allegations in the answer, constitute issues of fact upon the record, undisposed of; and it is quite clear, until disposed of in favor of the defendants, the plaintiff would be entitled to recover. They put in issue the authority of the defendants to remove the dwelling-house, which is set up in the answer; and also present a case, in which, if the general authority to remove obstructions from streets existed, it would not protect the defendants, as the dwelling-house was not within the limits of the street as claimed; also, if within it, unnecessary force was used, and unnecessary damage done to the building in the act of removal.

On the trial before the jury, the defendants would be obliged to meet these several issues, and maintain the allegations in their answer, before they would be entitled to a verdict, as either of them, if found for the plaintiff, would have displaced the justification set up in the answer.

The whole of the cause, therefore, in the court below, was not disposed of, and no final judgment rendered, upon which a writ of error from this court would lie. It is the settled practice of this court, and the same in the King's Bench in England, that the writ will not lie until the whole of the matters in controversy in the suit below are disposed of. The writ itself is conditional, and does not authorize the court below to send up the case, unless all the matters between the parties to the record have been determined. The cause is not to be sent up in fragments. (11 How., 32; 21 Wend., 667.)

The statutes of Minnesota have provided for an appeal from

the District to the Supreme Court, on an interlocutory order affecting the merits. (Stat. Minn., p. 414, sec. 7.) It was, therefore, properly taken to the Supreme Court of the Territory; but that practice cannot govern this court in revising the judgments of the court below in this court.

We have rarely in our experience examined a case, which in its principles is common and readily understood, so complicated and confused by the mode of pleading which has been pursued, and which it is understood is in conformity with the system adopted in this Territory. The pleadings raise many immaterial and even trivial questions of fact and law, which have nothing to do with the substantial merits of the case, and seem, in practical operation, whatever may be the system in theory, to turn the attention of courts and counsel to small matters as of serious import, which are undeserving a moment's consideration, overlooking or disregarding the most material and controlling questions involved.

The demurrers are put in to detached statements in the answer, the statements thus demurred to loosely made, and often incongruous in themselves, and upon which no principle of law can be raised or applied to govern the decision.

The system is anomalous, and involves the absurd and impracticable experiment of attempting to administer common-law remedies under civil-law modes of pleading, and these very much perplexed and complicated by emendations and additions.

The case must be dismissed for want of jurisdiction, there being no final judgment in the court below.