NEAL, ET AL. *v.* SINGLETON.

JOINT PARTIES—*When not served*—Where several are jointly sued, some of whom are not served, judgment against those served, will not be reversed on that account; and those defendants, not served, cannot prosecute the appeal.

ERRORS—*Motion to correct*—Premature trial is a clerical misprision under the Code of Civil Practice, and neither it or any other error, that might be corrected on motion, will be heard here, unless such motion was made in the court below and overruled.

"DEFENDANTS."—*How construed.*—Where the judgment is against the *defendants*, the word *"defendants,"* will be construed and regarded to mean the defendants who appeared or were served.

EXCESSIVE DAMAGES—*When not considered.*—Where the verdict is responsive to the issue and the judgment in accordance with the verdict, and no motion for a new trial made, exceptions to the evidence or ruling of the court taken, the question of excessive damages will not be considered.

*Appeal from Desha Circuit Court.*

HON. JOHN E. BENNETT, Circuit Judge.

*J. C. Palmer*, for appellants.

*Pindalls*, for appellee.

McCLURE, C. J.

The appellants were the owners of the steamboat "*Richmond*," and were jointly sued, by the appellee, as common carriers, for damages sustained by the refusal of the appellants to land him at the end of his journey, when a passenger on their boat. The declaration, in addition to the usual counts, also alleges special damages. Service was had on J. Stutt Neal and John S. Woolfolk. At the October term, A. D. 1868, J. Stutt Neal appeared and filed a plea to the jurisdiction of the court, which was overruled. J. Stutt Neal and Woolfolk then filed their plea in bar and the appellee entered his *similiter*, in short upon the record. At the same time an *alias* summons was

ordered against Rube E. Neal, and the cause was continued. On the 9th of March, 1869, the sheriff returned the alias summons, endorsed as follows: "I served the within writ, on the within named Rube E. Neal, on the 9th of March, 1869, by delivering to his clerk, on the steamboat "*Indiana*," his place of abode, a true copy of the same, at the county of Desha, Arkansas."

On the 4th of February, 1869, the appellants asked and obtained leave to take depositions; and again, on the 2d of April, leave was granted to appellants to take depositions. In the different pleas filed, and in the notice to take depositions, both before and after the service on Rube E. Neal, one Thompson signs himself as attorney for "J. Stutt Neal."

The depositions of certain persons were taken, and leave was given to file and open the same. The appellee made a motion to suppress the depositions of the two Blackburns for the following reasons:

*First.* That there is no notice filed with said depositions.

*Second.* That the plaintiff (appellee) had no notice of the taking of said depositions, as required by law.

*Third.* Because said depositions are not properly certified.

*Fourth.* Because the notice to take said depositions was not legally served upon him.

What disposition was made of this motion, by the court, does not appear from the record. Upon the same day, upon which the motion to suppress the depositions was filed, the record shows, that "the parties, by their attorneys, appeared and declared themselves ready for trial." A jury was impaneled, and they found for the appellee and assessed his damages at twenty-two hundred and fifty dollars. The appellee, on leave of the court, entered a *remittitur*, as to seven hundred and fifty dollars, and thereupon the court rendered judgment against the defendants for fifteen hundred dollars. No exceptions were taken in the court below, as to any of its proceedings, nor was there any motion for a new trial, and under this state of facts, the case comes here by appeal.

The first point urged, by the appellants, is, that there is no service on Rube E. Neal, nor any entry of his appearance. The only service that could be made, under the Code, save that by publication, was by delivering or offering to deliver to the appellants a copy of the summons, or by the appellant acknowledging service by endorsement on the summons. (*Code*, *secs. 66 and 68.*) The return of the sheriff discloses the fact that Rube E. Neal was not summoned in any manner known to the law at that time. But does this fact invalidate the judgment as to the other two defendants? or is it any ground for the reversal of the judgment? Section 886, of the Civil Code, declares that "a judgment or final order shall not be reversed (by the Supreme Court) for an error which can be corrected on motion in the inferior courts, until such motion has been made there and overruled." The cause seems to have been prematurely tried; but section 569, of the Code says: "A misprision of the clerk shall not be a ground for an appeal, until the same has been presented and acted upon in the circuit court;" and the Code, in defining what constitutes a "misprision of the clerk," says: "Rendering judgment before the action stood for trial, shall be deemed a clerical misprision." (*Sec. 570.*) If J. Stutt Neal and Woolfolk had desired to vacate the judgment, because it was rendered before the action regularly stood for trial, they ought to have made the motion, within the first three days of the succeeding term, (*Sec. 572,*) in the circuit court; failing in this, they will not now be allowed to complain of their own negligence in that respect.

The next question arising is, can Rube E. Neal be heard as to any matter appearing in this record? We are of opinion that the right to relief by appeal, from a final judgment, exists only in favor of the parties whose substantial rights have been prejudiced by the judgment appealed from. (*3 Met. 72.*) We have already said that Rube E. Neal was not legally summoned before the court; it follows therefore, that there is no legal judgment, and there can be no legal judgment rendered against him by the court below. This being true, his "substantial rights"

are not prejudiced by the judgment, and it follows, that he cannot prosecute this appeal.

Having determined that the premature trial of this cause is a matter that neither J. Stutt Neal, Woolfolk, or Rube E. Neal can complain of *now*, we will see if the premature trial of the cause invalidates the judgment as to J. Stutt Neal and Woolfolk. In the case of *Clark et al. v. Finnell et al. (16 B. Mon. 334,)* a judgment was rendered, as in this case, against the "defendants." It appeared in that case, as in this, that no service had been had as to one of the defendants, nor was there any appearance; and in construing the effect of such a judgment, the Supreme Court of Kentucky held, that "the word 'defendants' must be understood to apply to those defendants *only,* who either appeared or were served with process," and it refused to reverse a judgment upon such grounds.

The appellants were sued, as the owners of a steamboat, for not landing a passenger at his proper landing. In the case of *Kountz v. S. Brown et al., 16 B. Mass., 585,* suit was brought against the owners of a steamboat for damage done to a wharf-boat. Service was had on but one of the owners, and a judgment was rendered against the "defendants," and the court held that "the judgment must be regarded as a judgment against the party served," although it was, in terms, against the "defendants," in the plural; and in speaking of the right to appeal, the court said, "the judgment being in legal estimation, a judgment against Kountz only, if right against him, it must stand, and he is the *only* appellant." In the case of *Walker et al. v. Martin, 17, B. Mon., (188,)* which was a case where some of the defendants had been served and others had not, and judgment rendered against the "defendants," the court said: "although the judgment is against the 'defendants,' without discrimination, it is to be understood as a judgment against those 'defendants' only, who were "served with process," and the court continued by saying: "it is no available objection to the judgment, that no notice is taken of the defendants who were not served with process and no express

disposition made of the case as to them." When it is taken into consideration that the Supreme Court of Kentucky was construing the language of a Code, from which ours was copied literally, upon this point, we may regard these cases as settling that point.

The second question raised is, that the cause was tried without disposing of the issue, on the motion to suppress depositions. This court will not reverse the judgment of the circuit court, except for errors, to the prejudice of the party appealing, (*sec. 879.*) Whether the depositions were in reality suppressed, or whether their suppression would have prejudiced the appellants, this court has no means of determining, as no exceptions were made at the time of the trial, nor was there a motion for a new trial. If the party was prejudiced he must make it appear of record. Unless this be done, we shall presume in favor of the regularity of the proceedings of the circuit court.

The third objection is, that the damages are unwarranted and excessive.

The verdict rendered is responsive to the issue and the judgment is in accordance with the verdict. This question can not be reviewed in this court, upon the record presented. The record does not show that any declaration of the law, made by the court below, was excepted to, or that illegal evidence was admitted, or that any legal evidence was excluded; in short, the record does not attempt to show any evidence that was submitted to the jury; the appellants made no motion to set aside the verdict, nor did they ask a new trial, neither did they take a bill of exceptions. To make a long story short, there is nothing in the record that would warrant a reversal.

Let the judgment be affirmed.

BENNETT, J., being disqualified, did not sit in this case.

HON. W. W. WILSHIRE, Special Supreme Judge.