PARKE VS. MEYER.

PRACTICE: *When joint obligation sued on.*
  Where the obligation sued on is joint, the court, in its discretion, may
    render judgment against one defendant, leaving the action to pro-
    ceed against the other.

APPEAL from *Sebastian* Circuit Court.

Hon. E. D. HAM, Circuit Judge.

*Walker & Rogers* and *A. H. Garland,* for appellant.

*Clark & Williams* and *Rose & Green,* for appellee.

BENNETT, J. Meyer sued Parke & Tibbetts on an accepted
draft, in the circuit court of Sebastian county. Service was
had on Parke, none on Tibbetts. When the cause was called,
Parke defaulted, and a final judgment was rendered against
him, and an *alias* writ issued against Tibbetts, and cause con-
tinued. Parke appealed.

This cause has been before us on a motion to dismiss the
appeal, on the ground that the judgment rendered by the
court was not such a final judgment as could be appealed
from. The motion to dismiss was overruled. The cause is
now submitted on the same record as to its merits.

The record shows that the draft sued on was accepted by
the firm of Tibbetts & Parke, and is a joint acceptance in the
firm name.

At common law, when a party brought his action against

two or more defendants upon a contract, he must recover against all the defendants or none. By sec. 3, chap. 94, Gould's Digest, the common law rule was changed, and joint obligations have been construed to have the same effect as joint and several, and recoveries had thereon in like manner. By sections 400 and 401 of the Code of Practice, it is provided, that in an action against several defendants, the court may, in its discretion, render a judgment against one, leaving the action to proceed against the others. In the case before us, such discretion has been used and a final judgment given against Parke. No error appearing on the record, the judgment is affirmed.