CASE VS INGLE.

Opinion delivered June 12, 1899.

*Demurrer—Final Judgment—Appeal.*

A demurrer was sustained to the answer of C. and W. and M. Judgment was entered upon the order sustaining the demurrer to the answer of C. and W., but not upon the order sustaining the demurrer to the answer of M. *Held*, That the order sustaining the demurrer to the answer of M. was not a final judgment, and that no appeal being allowable from such order, the appeal of C. and W. should be dismissed as the issue as to M. was still undisposed of in the court below.

Appeal from the United States Court for the Southern District.

CONSTANTINE B. KILGORE, Judge.

Action by Ed. P. Ingle against S. S. Case and others. On sustaining demurrers to separate answers of defendants, judgment was rendered in favor of plaintiff to defendants S. S. Case and W. H. Walker only. Defendants appeal. Dismissed.

The appellee, Ed. P. Ingle, brought this suit against the appellants, S. S. Case and W. H. Walker, as makers, and R. Y. Mangum, as indorser, of a promissory note for the sum of $500, dated September 6, 1894, payable to R. Y. Mangum, or order, on or before the 1st day of September, 1896, and bearing interest after maturity at the rate of 10 per cent. per annum until paid, and indorsed in blank by R. Y. Mangum; and also to forclose the mortgage which had been executed by the makers of the note upon the entire newspaper plant of the Purcell Register. The appellants Case and Walker answered, denying that the plaintiff was the bona fide holder of the note sued upon for a valuable consideration, or that he had become possessed of 'the note in the usual course, and alleged and charged that the plaintiff had obtained possession of the note by fraud and misrepresentation, and denied that the note had been transferred by the original payee to the plaintiff, or that he had any interest in it, and alleged that it was the property of the original payee, that they had paid him in full, and that the mortgage securing the note had been satisfied of record by the original payee, and delivered up to them. The appellant R. Y. Mangum answered, admitting that he had transferred the note to plaintiff, alleging that he had done so as part of the consideration for the sale to him by the plaintiff of the newspaper plant known as the Norman Transcript, of Norman, Okl. T., and alleging that the plaintiff had falsely represented to him that said Norman Transcript was doing a lucrative and paying business, when in fact it was

not. The appellee demurred to the answer of Case and Walker, and also to the answer of R. Y. Mangum, and these demurrers were both sustained by the trial court, and, the appellants refusing to amend or plead further, a judgment was rendered in favor of the appellee and against the appellants Case and Walker for the amount of the note sued upon, and for foreclosure of the mortgage; but a judgment was not rendered against the appellant R. Y. Mangum, nor was the case disposed of so far as he was concerned, either by judgment against him upon the sustaining of the demurrer to his answer or dismissing of the case as to him.

J. W. Hocker and Zol J. Woods for appellants.

B. F. Williams, W. M. Newell, and J. W. Cherryhomes, for appellee.

THOMAS, J. In this case we are confronted by the preliminary inquiry, upon the motion of the appellee to dismiss the appeal, as to whether or not the judgment appealed from is a final judgment. In order that a judgment should be final, it should settle all of the issues involved as to all of the parties. In the case of Horner v. State, 27 Ark. 113, the court, in passing upon the same question, among other things, said: "It has been so often decided and fully settled in this court that an appeal will lie only from a final order or judgment, that argument or reference to this is unnecessary; and to produce an argument to show that an order overruling a demurrer to the bill is not a final judgment to the cause would not be expected. The chancellor should have proceeded to render a decree upon the whole case before him." So, in the case at bar, when the demurrer of the plaintiff to the answer of the defendant R. Y. Mangum, had been sustained, and he refused to answer further or to amend, the trial court should have proceeded to enter up a judgment against him for the amount of the note sued for

and costs. If we should now determine whether or not the amended answer of Case and Walker stated facts sufficient to constitute a defense to the note and mortgage sued upon, the cause would even then have to go back to the trial court to be disposed of as to the other defendant and appellant, R. Y. Mangum, and this probably would necessitate a trial of this cause twice in this court. "The rule restricting appeals to cases where a final judgment has been rendered is necessary to prevent the division of a case into parts, and to prevent a multiplicity of actions. The rule is in direct harmony with the principle * * * that cases must be decided as an entirety, and by one tribunal." See Elliott, App. Proc. § 80. The motion to dismiss the appeal of R. Y. Mangum is sustained, and the court of its own motion dismisses the appeal of Case and Walker, for the reason that the cause has not been finally disposed of as to all the parties and all the issues involved in the trial court. Appeal dismissed, and case remanded.

SPRINGER, C. J., and CLAYTON and TOWNSEND, J. J., concur.