### Henry LeBreton v. J. R. Swartzel.

(Filed September 3, 1904.)

1. **APPEAL—Rules of Supreme Court—Dismissal.** Rule six of the rules of practice of this court, requires the plaintiff in error to serve a brief on counsel for defendant in error within forty days after filing his petition in error, and at the same time to file fifteen copies of said brief with the clerk of the supreme court. In case of failure to comply with these requirements the court may dismiss the cause, or may reverse or affirm the judgment.

2.  SAME—Judgment, Presumption in Favor of. It is not the duty of this court to search a record to discover errors not pointed out. A judgment is presumptively correct, and in the absence of a brief in support of a petition in error, this court will generally, in civil causes, rely upon such presumption, and dismiss the appeal.

3.  SAME—Failure to File Brief—Effect. A failure to file a brief is a waiver of the right to be heard on appeal.

(Syllabus by the Court.)

*Error from the Probate Court of Canadian County; before·*
*J. I. Phelps, Trial Judge.*

*J. W. Clark,* for plaintiff in error.

*A. M. Baldwin,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This cause appears to be an appeal from a judgment of the probate court of Canadian county. There are no briefs on file. The petition in error is accompanied by a transcript of the record. There is no bill of exceptions or case made. The transcript contains several motions, objections and other papers on file in the cause, which are no part of the record, and could only be made so by bill of exceptions or case made. The record contains no exception to the final judgment of the probate court, and there was no motion for a new trial or review in the trial court.

The rules of this court require a plaintiff in error to serve a brief on counsel for defendant in error within forty days after the petition in error is filed, and at the same time to file fifteen copies of his brief with the clerk of the supreme court. The purpose of a brief is to point out and specifically designate the alleged errors relied upon for a reversal of the judgment, and it is the duty of persons bring-

ing cases into this court to affirmatively show error in the record. Judgments of courts of record are presumptively regular and valid, and where no error is pointed out or made to affirmatively appear, an appellate court will ordinarily rely upon such presumption of regularity and dismiss the appeal.

It is not the duty of an appellate court to search the record for the purpose of discovering error. While it may waive the filing of a brief, and may review any errors contained in a record whether pointed out or not, it is not required to do so, and generally will not assume such burdens.

The failure of a plaintiff in error to file a brief in support of his petition in error, is a waiver of his right to be heard in the appellate court.

The appeal is dismissed, and the cause remanded to the trial court.

All the Justices concurring.