HOUSTON vs BROWN ET AT.

Opinion delivered October 19, 1904.

1. *Appeal—Order Sustaining Demurrer not Final Judgment—Dismissal.*

> An order sustaining a separate demurrer of a portion of the defendants, with no disposition of the case as to the other defendants, is not such a final order or judgment as to be appealable.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by A. C. Houston against Will Brown and others. From an order sustaining a separate demurrer of defendants, T. C. Woods and another. Plaintiff appeals. Appeal dismissed.

*Geo. M. Miller* and *A. C. Cruce,* for appellant.

*J. F. Sharp,* for appellees.

RAYMOND, C. J. This was a complaint in equity in which appellant sought to recover judgment for materials furnished in the construction of a dwelling house, and to subject the premises owned by the respondents Woods to the payment of the claim.

The complaint filed reads:

"A. C. Houston, Plaintiff, vs Will Brown, Barney Gibbs, and T. C. Woods, and Mrs. Laura Woods, Defendants. Complaint in Equity. The plaintiff, A. C. Houston, a citizen of the United States, and not a member of any Indian tribe, complains of the defendants Will Brown and Barney Gibbs for that on or about the ——— day of September, 1899, the plaintiff entered into a verbal contract with the defendants Brown and Gibbs to furnish them materials, lumber and other things, a true and correct statement of which is filed herewith, and made a part of this complaint, for the erection of a dwelling house on lots 3 and

4 in block 32 in Love's Addition to the town of Purcell, Ind. Ter. (2) In pursuance of said contract the plaintiff furnished to said defendants Brown & Gibbs on and between the 17th day of June, 1899, and the 15th day of September, 1899, the aforesaid materials, lumber and other things, amounting in the aggregate to the sum of $851.71. (3) Defendants T. C. Woods and his wife, Mrs. Laura Woods, were at the time the plaintiff furnished said materials, lumber and other things, the owners of the possessory right and title of the said lots, controlling and in possession of them. (4) On the 28th day of October, 1899, and within sixty days of furnishing the said materials, lumber and other things, the plaintiff made a just and true statement of all the things, etc. furnished by him, giving all credits, and presented the same to said defendant T. C. Woods, and also filed a true and just statment of the same, duly verified, with the clerk of the United States Court in the Southern District of the Indian Territory, for the purpose of establishing a lien therefor on the interest of defendants in said lots and on the building thereon. (5) There is now due and unpaid on said account the sum of $376.71. (6) The plaintiff therefore prays judgment for the sum of three hundred and seventy-six dollars and seventy-one cents, and the interest thereon from September 30, 1899, at the rate of six per cent. per annum, the cost of suit, and that the said premises, together with the improvements thereon into which the aforesaid materials, lumber and other things, furnished by the plaintiff, entered, may be sold, and the proceeds thereof applied to the payment of the said judgment, interest, and cost; and for such other and further relief as may be just and equitable."

A demurrer filed by T. C. Woods and Laura Woods only challenged the sufficiency of the complaint as to them. This demurrer is as follows: .

"A. C. Houston, Plaintiff, vs Will Brown et al., Defendants. Demurrer to Complaint. Now comes the defendant, and

demurs to the petition of the plaintiff filed herein to foreclose the pretended mechanic's lien for the following reasons, to wit: First. Because said petition does not state facts sufficient to constitute a cause of action and entitle plaintiff to the relief sought. Second. That said petition wholly fails to state that plaintiff served notice on the owner or proprietor of the property of the lots that he intended to furnish the material alleged to have been furnished and the probable value thereof. Third. That said petition wholly fails to state that plaintiff has had settlement with the original contractor herein, or any reason why he has failed to make such settlement. Fourth. That said petition is defective in that it does not state that the proprietor or owner of the premises is indebted to the original contractor at the time of the pretended notice, as served herein. Wherefore defendants pray judgment of the court. J. F. Sharp, Attorney for Defendants T. C. Woods and Laura Woods."

The demurrer was sustained, and on the 19th day of April, 1900, the clerk seems to have made the following record of the proceedings:

"Now on this 19th day of April, 1900, the same being the fourteenth day of the March, 1900, term, the following, among other, proceedings were had, to wit:

"A. C. Houston vs Will Brown et al. Demurrer to complaint sustained. Comes on now to be heard defendant's demurrer to plaintiff's complaint herein, and the court, being well advised in the premises, doth sustain said demurrer; to which ruling of the court plaintiff excepts, and his exceptions allowed. Plaintiff prays an appeal to the United States Court of Appeals at South McAlester, I. T., which is by the court granted.

"A. C. Houston vs W. E. Brown et al. Order granting appeal. On motion of plaintiff, A. C. Houston, an appeal to the

United States Court of Appeals for the Indian Territory is granted from the judgment and orders entered against him the said plaintiff in said action in the United States Court for the Southern District of the Indian Territory, at Purcell, and said appellant, A. C. Houston, is given sixty days in which to prepare and file his bill of exceptions.

"Now on this 19th day of April, 1900, the same being the fourteenth day of the March, 1900, term, the following, among other, proceedings were had, to wit:

"A. C. Houston vs W. E. Brown et al. Judgment. On this 19th day of April, 1900, came on to be heard the demurrer of the defendants T. C. Woods and Laura Woods to the complaint in equity of the plaintiff, A. C. Houston, and the court, being fully and sufficiently advised in the premises, finds the law with the said defendants, and doth sustain said demurrer. Whereupon, plaintiff, A. C. Houston, refusing to amend his said complaint or to plead further in said cause, and electing to stand on the sufficiency of his said complaint in equity, it is therefore considered, ordered, and adjudged by the court that the plaintiff, A. C. Houston, take nothing by his suit, and that the defendants T. C. Woods and Laura Woods have judgment for their costs in this behalf laid out and expended; and to which action of the court in sustaining said demurrer the plaintiff in open court duly excepted, and his exceptions allowed."

Upon the record being filed in this court, respondents Woods file their motion to dismiss the appeal for the reason there is no final judgment in the court below, and that the appeal is premature. There was service of summons upon defendants Brown, Woods, and Woods. No answer was filed by Brown. The complaint was not dismissed against him, and no order or decree was entered against him. So far as this record discloses,

the cause is still pending against him in the United States Court at Purcell. The defendants T. C. Woods and Laura Woods demurred. The first order entered, as appears in the record, recites "Comes on now to be heard defendants' demurrer to plaintiff's complaint herein, and the court, being well advised in the premises doth sustain said demurrer, to which ruling of the court plaintiff excepts, and his exceptions allowed. Plaintiff prays an appeal to the United States Court of Appeals at South McAlester, Ind. Ter., which is by the court granted." It will be seen that the complainant excepts to the ruling of the court in sustaining the demurrer, and there prays an appeal which is granted. There has been no trial of the cause, and no disposition as to the cause against defendant Brown. Complainant must have proceeded upon the theory that he was entitled to appeal from the order simply sustaining the demurrer.

The second order of the court, made on the same day, as shown in the record, is upon motion of plaintiff. It is as follows: "On motion of plaintiff, A. C. Houston, an appeal to the United States Court of Appeals for the Indian Territory is granted from the judgment and orders entered against him, the said plaintiff, in said action in the United States Court for the Southern District of the Indian Territory, at Purcell, and said appellant, A. C. Houston, is given sixty days in which to prepare and file his bill of exceptions." He prays for an appeal from the only order which the record shows to have been entered—that is, from the order sustaining the demurrer—and is given 60 days in which to prepare and file his bill of exceptions.

The third order simply recites that the demurrer is sustained, and gives judgment for costs to Woods; counsel for appellant announcing that they stand by the complaint. No other construction can be urged upon that order by appellant. "On this 19th day of April, 1900, came on to be heard the de-

murrer of the defendants T. C. Woods and Laura Woods to the complaint in equity of the plaintiff, A. C. Houston, and the court, being fully and sufficiently advised in the premises, finds the law with the said defendants, and doth sustain said demurrer. Whereupon, said plaintiff, A. C. Houston, refusing to amend his said complaint or to plead further in said cause, and electing to stand on the sufficiency of his complaint in equity, it is therefore ordered and adjudged by the court that the plaintiff, A. C. Houston, take nothing by his suit, and that the defendants T. C. Woods and Laura Woods have judgment for their costs in this behalf laid out and expended; and to which action of the court in sustaining said demurrer the plaintiff in open court duly excepted, and his exceptions allowed." The merits of the case as to Brown had not been passed on. There was no judgment yet as to him. After reciting the judgment for costs in favor of Woods on the demurrer, the plaintiff excepts. Excepts to what? "And to which action of the court in sustaining said demurrer the plaintiff in open court duly excepted, and his exception is allowed." The order that plaintiff take nothing by his suit can by the plaintiff be given no other construction than that as to the defendants T. C. and Laura Woods plaintiff take nothing; which was nothing more than an order sustaining their demurrer. Counsel for plaintiff must have so construed this order, or his exception would certainly have been broader, and not limited to the action of the court "in sustaining said demurrer;" the merits of his case as to Brown, to whom credit was originally given by plaintiff, not having yet been passed on.

Can this court at this time pass upon the question as to whether or not the court erred in sustaining the demurrer, since the case against Brown, the contractor, has never been disposed of in the court below, where a motion is interposed, as here, to dismiss the appeal as premature? There are many authorities holding that the appeal should be dismissed.

"This was a bill in chancery, brought in the court below by the appellants against Henry T. Lally, Edward G. Asay, and the Haxton Steam Heater Company. The latter filed a demurrer to the bill, which the court sustained, and entered an order dismissing the bill as to that defendant; but the case was left undisposed of as to the other two defendants. In that condition of the case the complainants appealed from that order. Appeal or error will not lie. The order was not final. Such a case cannot be pending partly in this court and partly in the court of original jurisdiction at the same time. Nor can appellate courts be required to decide cases piecemeal. To do so would in many cases abrogate the rule requiring that in courts of equity all necessary parties must be before the court." Hoffman & Billings Mfg. Co. et al. vs The Haxton Steam Heater Co. et al., 18 Ill. App. 485.

"The appellant filed a creditors' bill under section 49 of the chancery act, making the village of Hyde Park one of the defendants, to reach the salary of Woods as one of the village trustees. The village demurred, the court sustained the demurrer, and there the record of the action of the court upon the cause stops. What this court would have to say upon the merits if the case was properly here may be plausibly conjectured by reading the case of Merwin vs Chicago, 45 Ill. 133, 92 Am. Dec. 204; but the order sustaining the demurrer is not a final decree, and therefore not appealable." Maguire vs Woods et al., 33 Ill. App. 639.

"Oscar D. Wetherell, as the assignee under the insolvency law of this state of Melville T. Roberts, caused a judgment to be entered against Charles P. Packer upon a note made by him, payable to the order of said Roberts. Packer filed a bill against Roberts and Wetherell to enjoin the collection of the judgment. Service was had on each of the defendants. Wetherell appeared

and demurred to the bill. The demurrer was sustained, and an injunction theretofore issued dissolved, and the bill as to Wetherell was dismissed for want of equity; whereupon the complainant appealed. * * * No appeal lies from an order dismissing a bill as to only a portion of the parties. The bill being still pending as to Roberts, the appeal prayed should not have been allowed. * * * The appeal will be dismissed." Packer vs Roberts and Wetherell, 44 Ill. App. 232.

"Elizabeth Russell, who has since intermarried with William Brown, filed her bill in chancery against Edward H. Fleece, the father, and Francis D. Fleece, his minor son, to subject a tract of land, the legal title to which was in the son, to the payment of certain judgments which she held against the father. Answers were filed to this bill, and subsequently a cross-bill was filed by the minor, alleging that the said Elizabeth was then, and had been for several years, in the possession of the land in controversy, receiving the rents and profits, which amounted to more than all her claims against his father; and praying that she might be made to account for the rents and profits received; that out of the same she might be allowed whatever should be found due upon the judgments, and be required to pay over the balance and deliver the possession of the premises to the said Francis. To this cross-bill the circuit court sustained a demurrer, and that decision is now assigned for error. It might be questioned whether a writ of error would lie to a decision of the circuit court simply sustaining a demurrer to a bill in chancery, without any order dismissing the bill or decree for costs. The sustaining of a demurrer to a bill does not necessarily put the case out of court. The complainant may still obtain leave to amend, and it is only to a decree making a final disposition of a case that an appeal or writ of error lies. But there is another objection which is fatal to the prosecution of the writ of error in this case. * * * The proceedings upon the original bill in

this case are still pending and undisposed of in the circuit court. For aught that appears, the complainant in the cross-bill may yet obtain all the relief to which he is entitled upon a final disposition of the case in the circuit court, for we see no reason why he may not set up the rents and profits by way of set-off in his answer, as well as by way of a cross-bill.    But, whether this be so or not, the case cannot be brought to this court for revision till it is finally disposed of.    A party cannot bring his case here by piecemeal, nor does an appeal or writ of error lie from an interlocutory decree, which is clearly the character of the order sustaining the demurrer to the cross-bill.    If, in the final disposition of the case in the circuit court, the complainant in the cross-bill should be dissatisfied with the decision, it will then be his right to bring the case to this court, and to assign for error the decision of which he now complains."    Fleece vs Russell, 13 Ill. 32.

"This was a bill filed in the Knox circuit court for relief and discovery.    A demurrer was interposed on the ground that the complainants had not made proper parties to the bill.    The court sustained the demurrer to the bill, and on this order the complainants below brought this writ of error.    It does not appear from the record in this cause that any final decree has been entered by the circuit court.    It only shows that the court sustained a demurrer to the bill, to which the complainants excepted.    What followed on sustaining the demurrer is not shown. The cause, for aught that appears, is still pending in the circuit court for the purpose of new parties.    We cannot say.    If the record showed that the bill had been dismissed for the want of proper parties, we should hold that error, because on such showing, if the bill has merits, it must be retained, in order that the proper parties may be made.    A complainant willing to rest his case upon a demurrer must move the court to dismiss the bill. This is final, and appeal or error will lie.    A decision on the

demurrer is merely interlocutory." Knapp et al vs John Marshall et al., 26 Ill. 63.

"This was a bill filed in the circuit court of Cook county by the plaintiff in error against Edwin C. Larned, Charles Follansbee, Sally M. Follansbee, and others, for partition of certain real estate described in the bill. At the October term, 1869, of said court, the defendants Charles Follansbee and Sally M. Follansbee, by their solicitor, filed a demurrer to the bill, and on the hearing the demurrer was sustained, and the bill dismissed as to Charles and Sally M. Follansbee. Nothing further appears to have been done in the cause in the circuit court, and, so far as the record discloses, the cause is still pending there against the other defendants named in the bill. The complainant brings the cause to this court on error, with the record in the condition above stated. It is a well-settled rule that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause cannot be reviewed as to one party at one time and as to another party at another time. It appearing that there has been no final order in this cause in the court below, the writ of error is dismissed, with costs." Thompson vs Follansbee et al., 55 Ill. 427.

"It is a well-settled rule that a writ of error will not lie except to a final order of court. If the bill is dismissed as to one or more parties, the complainant cannot prosecute a writ of error until there has been a final disposition of the case as to all other parties. A cause cannot be reviewed as to one party at one time and as to another party at another time." International Bank vs Jenkins et al., 109 Ill. 219.

"Inasmuch as no final decree has been rendered in the case, the appeal to the appellate court was premature." Hutchinson et al. vs Ayres (Ill.) 7 N. E. 477.

"De La Vega filed a bill in the court beow against Frowl and thirteen other defendants, charging eight of them (including Frow) with a joint conspiracy to defraud him, the complainant, out of a large tract of land in Texas by the use of a forged power of attorney purporting to be executed by the complainant, and by various conveyances and mesne conveyances deraigning a false and fraudulent title from him. The defendants other than Frow all put in answers to the bill on the merits; but, Frow's answer having been delayed (as he insisted, by misunderstanding, sickness, and other accidents), a decree pro confesso was taken against him at September rules, 1868; and, notwithstanding he afterwards prepared his answer and asked leave to file it (being, in substance, the same as the answers of the other defendants), yet the court afterwards, on the 23d of March, 1870, on application of the complainant, and against the protestation of Frow, made a final decree absolute against him, adjudging the title of the land to be in the complainant, and awarding to him a perpetual injunction as against the appellant. From this decree the present appeal was taken. After this final decree against the appellant, the court proceeded to try the issues made by the answers of the other defendants, and decided the merits of the cause adversely to the complainant, and dismissed his bill. This fact was made to appear by the return to a certiorari sued out by De La Vega himself. The question now was whether the court in such a case as that mentioned could lawfully make a final decree against one defendant separately on the merits, whilst the cause was proceeding undetermined against the others.* * * If the court in such a case as this can lawfully make a final decree against one defendant separately on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: There might be one decree of the court sustaining the charge of joint fraud committed by the defendants, and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill.

And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law. The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to services of notice in the cause, nor to appear in it in any way. He can adduce no evidence. He cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone pending the continuance of the cause would be incongruous and illegal. This was so expressly decided by the New York Court of Errors in the case of Clason vs Morris, 10 Johns. 524. Spencer, J., says: 'It would be unreasonable to hold that because one defendant had made default the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other that in fact the plaintiff is not entitled to a decree.' Irregularities, if any occurred in the proceedings after the decree complained of, are not now before us for adjudication." Frow vs De La Vega, 82 U. S. 552, 21 L. Ed. 60.

"This was a bill filed by Frederich Hohorst, a citizen of the state of New York, 'against the Hamburg-American Packet Company, a corporation organized and existing under the laws of the Kingdom of Hanover, Empire of Germany, and doing business in the city of New York, Henry R. Kunhardt, Sr., Henry R. Kunhardt, Jr., George H. Diehl, citizens of the United States and residents of the state of New York, and Arend Behrens and

William Koester, citizens of the United States and residents of the state of New Jersey,' for infringement of patent, in the Circuit Court of the United States for the Southern District of New York, September 15, 1888. September 17th the subpoena was served on Henry R. Kunhardt, Sr., as a defendant, and as general agent of the Hamburg Company. November 5, 1888, a general appearance for all the defendants was filed, and on December 18, 1888, a demurrer on behalf of the packet company, assigning as grounds that the causes of action against the several defendants were distinct and unconnected, and hence that the bill was multifarious, and for want of equity. A motion was made by complainant December 24th to amend, and on January 7, 1889, a motion by defendant to dismiss. On January 28, 1889, leave to amend was granted, and the motion to dismiss denied, and, on February 2, 1889, the amendments were made. These consisted in the insertion of the word 'jointly' in the allegation of the defendants' infringement, and also of the following allegation: 'Your orator further states that all of the defendants above named are inhabitants of the city and county of New York; that the defendant the Hamburg-American Packet Company has its principal business office in this country, located in the city and county of New York; that the defendants Henry R. Kunhardt, Sr., Henry R. Kunhardt, Jr., George H. Diehl, Arend Behrens, and William Koester are, and during the time of the infringement above set forth were, copartners under the firm name of Kunhardt & Co., and as such copartners are and were the agents and managers of the business of the Hamburg-American Packet Company in this country, and have their principal business office, as such, located in the city and county of New York, and that the said infringements were committed in the prosecution of such business, and all the defendants have co-operated and participated in all the said acts and infringements.' On February 16, 1889, defendant Hamburg Company served notice of final hearing upon the bill of complaint and

demurrer, and on Februāry 21st a notice was given of a motion
that the appearance entered on behalf of the Hamburg Company
be changed from a general appearance into a special appearance,
and the service of subpoena made upon that defendant be set
aside, and the bill of complaint dismissed as against the company
because of lack of jurisdiction of the court over its person.    In
April, 1899, an order was granted that, unless complainant with-
drew his amended complaint as to the defendant company, and
stipulated to go to trial as to said defendant on the original bill of
complaint, the notice of appearance should be, and was thereby,
amended into a special appearance, and the service of the sub-
poena set aside, and the bill of complaint dismissed as against
said company.    38 Fed. 273.    On April 11, 1889, the notice of
appearance was amended accordingly, subpoena set aside, and
the bill of complaint dismissed as against the company; where-
upon complainant appealed to this court.    So far as appears
from the record, the suit is still pending and undetermined as
against the codefendants of the company.    We are of opinion,
therefore, that this appeal cannot be maintained, because the
decree rendered in favor of the company was not a final decree.
In United States vs Girault, 11 How. 22, 32, 13 L. Ed. 587, which
was a writ of error to review a judgment rendered by the Circuit
Court of the United States in Mississippi in favor of some of the
defendants only, in an action on a bond, leaving the suit undis-
posed of as against one defendant, this court would not reverse
the judgment according to the practice in Mississippi, but dis-
missed the writ of error; and Mr. Justice Nelson, delivering the
opinion, said:  'The practice in this court, in case the judgment
or decree is not final, is to dismiss the appeal or writ of error for
want of jurisdiction, and remand it to the court below to be
further proceeded in.'    Metcalfe's Case, 11 Rep. 38, was cited,
where it was held that a record of the common pleas could not be
removed into the King's Bench before the whole matter was
determined in the common pleas, as it was entire, and could not

be in both courts at the same time; and also Peet vs McGraw, 21
Wend. 667, wherein Mr. Justice Nelson, then chief justice of
New York, declared that a case could not be sent up in fragments
by a succession of writs of error.    Again, in Holcombe vs Mc-
Kusick, 20 How. 552, 554, 15 L. Ed. 1020, it was said: 'It is the
settled practice of this court, and the same in the King's Bench in
England, that the writ will not lie until the whole of the matters
in controversy in the suit below are disposed of.    The writ itself
is conditional, and does not authorize the court below to send up
the case, unless all the matters between the parties to the record
have been determined.'    The same rule is applicable to an appeal
in admiralty (Dayton vs United States, 131 U. S. Append. Ixxx),
and in equity (Frow vs De La Vega, 15 Wall. 552, 554, 21 L. Ed.
60).    In the latter case it was held that a final decree on the
merits cannot be made separately against one of the several
defendants upon a joint charge against all, where the case is still
pending as to the others."    Hohorst vs Hamburg-American
Packet Co., 148 U. S. 262, 13 Sup. Ct. 590, 37 L. Ed. 443.

"It is not always easy to determine what shall be con-
sidered a final judgment, and it will assist in clearing away
difficulties to notice orders and rulings which are declared not
final judgments within the meaning of the law governing appeals.
A ruling upon a demurrer to a pleading, whether the ruling is for
or against the demurring party, is not a final judgment.    An
appeal will not lie from a ruling denying a motion to quash an
indictment.    Stating conclusions of law upon a special finding
does not constitute a final judgment, nor is a ruling suppressing a
deposition.    Orders setting aside former orders are, as a general
rule, not final judgments.    Orders admitting or refusing to admit
parties cannot be regarded as final judgments authorizing an
appeal.    An order to produce papers or documents is not final.
The weight of authority is that no appeal will lie from an order
dissolving or refusing to dissolve an attachment, although the

cases are conflicting. Orders reforming pleadings and orders granting or denying a continuance are not final." Appellate Procedure, Elliott, § 81.

"Unless statutes otherwise provide, questions arising in legal proceedings cannot be reviewed in an appellate court either on appeal or by exception until a final decision in the cause has been rendered below. (b) What is a Final Judgment: A final judgment is one which leaves nothing to be judicially determined between the parties in the trial court. It must finally conclude all the necessary parties on the merits, and finally dispose of the subject-matter of the controversy." Ency. of Pleading and Practice, vol. 2, p. 52. "So a judgment sustaining a demurrer to a complaint and taxing plaintiff with costs of motion is not appealable." Ency. of Pleading and Practice, vol. 2, p. 117, note.

The court is constrained to hold that the motion to dismiss should be sustained, and it is so ordered, at cost of appellant.

CLAYTON and GILL., JJ., concur.