## CONNOR v. TAILOR & LEAVERETTE.

No. 2105.   Opinion Filed November 7, 1912.

(127 Pac. 1089.)

**JUDGMENT—Joint Obligation.** Under the practice existing in the Indian Territory prior to the erection of the state, where the obligation sued on is joint, the court may render judgment against one of two defendants, the other not having been served in the action, and an execution may issue thereon.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*A. T. West, Judge.*

Action by I. R. Tailor and J. R. Leaverette, a co-partnership, doing business under the firm name of Tailor & Leaverette, against F. L. Connor. Judgment for plaintiffs, and defendant brings error. Affirmed.

*J. W. Hocker,* for plaintiff in error.

*J. B. Thompson,* for defendants in error.

WILLIAMS, J.   On July 20, 1906, the defendants in error, a firm composed of I. R. Tailor and J. R. Leaverette, as plaintiffs, filed a complaint at law, under the practice then existing in the Indian Territory, before the United States Commissioner for the Southern District of said territory, at Pauls Valley, against W. E. Caldwell and F. L. Connor, as defendants.

It was alleged that said defendant Connor resided within said commissioner's district; no allegation being made as to the

residence of W. E. Caldwell. A writ of attachment was ·also sued out. In the affidavit for such writ it was averred that said W. E. Caldwell was a nonresident of the Indian Territory. There is nothing in the record to show that service was ever had upon said Caldwell. No appearance was ever made for said Caldwell. On Connor's application a change of venue was had from the Pauls Valley commissioner to the Ada district. Judgment was rendered in said court against Connor. The case was appealed by him to the United States Court, at Ada, where, the ·cause being tried *de novo,* a judgment was rendered against Connor in the sum of $248.16. A writ of error was then prosecuted by him to the United States Court ·of Appeals for the Indian Territory, at McAlester, where it was pending at the erection of the state.

By virtue of the provisions of the Enabling Act and the Schedule to the Constitution, said appeal being transferred to this court, on September 14, 1909, it was dismissed. *Connor v. Tailor & Leaverette,* 24 Okla. 704, 104 Pac. 65. Thereafter execution in due time and in due form was issued out of the district court of Pontotoc county, the successor to the United States Court for the Southern District, at Ada.

The sole ground on which the motion was made to quash the execution is that it was not issued upon a final judgment.

For the purpose of this case, it is assumed that an appeal will lie from the order denying the motion to quash the execution (*Koehler v. Ball,* 2 Kan. 160, 83 Am. Dec. 451; *Nicoll et ux. v. Midland Savings & Loan Co.,* 21 Okla. 591, 96 Pac. 744; *Nicholson et al. v. Midland Savings & Loan Co.,* 21 Okla. 598, 96 Pac. 747); and that such motion to quash was an available remedy. *Sanchez v. Carriaga,* 31 Cal. 170; Freeman on Executions, sec. 73.

It will also be assumed that the laws in force in the Indian Territory prior to the erection of the state apply as to the issuing of the execution. *Ex parte Howland,* 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840; section 365, Williams' Ann. Const. and authorities cited. Section 2967, Mansf. Dig. of Ark. (section 2082, Ind. Ter. Ann. St. 1899) provides:

"An execution may issue upon any final judgment, order or decree of a court of record, for a liquidated sum of money and for interest and costs, or for costs alone."

It is insisted by plaintiff in error that the execution was not issued upon a final judgment, citing *Houston v. Brown,* 5 Ind. T. 361, 82 S. W. 775, and *Case v. Ingle,* 2 Ind. T. 309, 51 S. W. 958. The rule announced in these cases is that an order sustaining a separate demurrer of two defendants, no disposition of the case being made as to another defendant, is not a final order, and hence not appealable.

In *Neal et al. v. Singleton,* 26 Ark. 491, which was a controlling case in the Indian Territory prior to the erection of the state (*Missouri, O. & G. Ry. Co. v. Gentry,* 31 Okla. 579, 122 Pac. 537), the syllabus is as follows:

"Where several are jointly sued, some of whom are not served, judgment against those served will not be reversed on that account.   *   *   *"

In the opinion it is said:

"In the case of *Kountz v. S. Brown et al.,* 16 B. Mon. [Ky.] 585, suit was brought against the owners of a steamboat for damage done to a wharf boat.  Service was had on but one of the owners, and a judgment was rendered against the 'defendants,' and the court held that 'the judgment must be regarded as a judgment against the party served,' although it was, in terms, against the 'defendants,' in the plural; and in speaking of the right to appeal the court said:  'The judgment being, in legal estimation, a judgment against Kountz only, if right against him, it must stand, and he is the only appellant.'  In the case of *Waller et al. v. Martin,* 17 B. Mon. [Ky.] 188, which was a case where some of the defendants had been served and others had not, and judgment rendered against the 'defendants,' the court said:  'Although the judgment is against the "defendants," without discrimination, it is to be understood as a judgment against those "defendants" only who were "served with process."'  And the court continued by saying:  'It is no available objection to the judgment that no notice is taken of the defendants who were not served with process, and no express disposition made of the case as to them.'  When it is taken into consideration that the Supreme Court of Kentucky was construing the language of a Code from which ours was copied literally upon this point, we may regard these cases as settling that point."

In *Parke v. Meyer,* 28 Ark. 281, which is also a controlling case, it is said:

"At common law, when a party brought his action against two or more defendants upon a contract, he must recover against all the defendants or none. By section 3, c. 94, Gould's Digest, the common-law rule was changed, and joint obligations have been construed to have the same effect as joint and several, and recoveries had thereon in like manner. By sections 400 and 401 of the Code of Practice, it is provided that in an action against several defendants, the court may, in its discretion, render a judgment against one, leaving the action to proceed against the others. In the case before us, such discretion has been used, and a final judgment given against Parke. No error appearing on record, the judgment is affirmed."

See, also, *Nichols v. Dunphy et al.,* 58 Cal. 605.

The judgment on which the execution was issued having been rendered in a court of record, the same is presumptively regular and valid. *Le Breton v. Swartzel,* 14 Okla. 521, 78 Pac. 323.

The burden is upon the plaintiff in error in seeking to have the execution quashed. Caldwell not having been made a party in the court below, at all events the judgment against Connor was a final one. The order of the lower court must be affirmed.

HAYES, J., and KANE and DUNN, JJ., concur; TURNER, C. J., absent, and not participating.